Memorandum. The order of the Appellate Division should be affirmed.
 

 Defendant’s sole contention on this appeal is that he is entitled to an evidentiary hearing to determine if there was a denial of his right to a speedy trial.
 

 On April 15, 1968, defendant was arrested and arraigned on charges of burglary in the third degree (Penal Law, § 140.20) and possession of burglar’s tools (Penal Law, § 140.35), crimes allegedly committed earlier that day. He was indicted on these
 
 *607
 
 charges, as well as for grand larceny, on February 26, 1970. Although defendant had been at liberty for most of the period preceding indictment, thereafter he was incarcerated. His motion to dismiss on the ground that the prosecution had failed to find an indictment (former Code Grim Pro, § 667) was denied as moot on May 12, 1970.
 

 In January of 1971, defendant served a
 
 pro se
 
 motion to dismiss for failure to prosecute upon the District Attorney, premised upon an alleged denial of a speedy trial. Nothing in the record indicates that the motion was docketed with the court for judicial disposition. Thereafter, on April 12, 1972, defendant pleaded guilty to attempted burglary in the third degree in satisfaction of the instant indictment and another charging him with possession of a weapon. At the plea and sentencing proceedings, no mention of the
 
 pro se
 
 motion for dismissal was made.
 

 In the Appellate Division, defendant, for the first time, asserted his alleged deprivation but the judgment was affirmed, with two Justices dissenting and being of the view that the case should be remitted for a hearing on the reasonableness of the delay.
 

 The right
 
 to
 
 a speedy trial may be waived but the waiver must be both knowingly and voluntarily made
 
 (People v White,
 
 32 NY2d 393, 399). It can hardly be said that defendant, in light of his own motion to dismiss, was unaware of his right and, not having raised the issue in the court of first instance, there is no error to be reviewed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.