**Timothy A. BELLER, Petitioner,**

v.

**Donald CLAUSEN, Respondent.**

**No. 79–C–689.**

United States District Court,
E. D. Wisconsin.

Feb. 20, 1980.

Mark Lukoff, First Asst. State Public Defender, Milwaukee, Wis., for petitioner.

Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The petitioner, Timothy A. Beller, has filed a request for the issuance of a certificate of probable cause to appeal this Court's denial of his request for a writ of *habeas corpus.*

Section 2253 of Title 28 of the United States Code provides in part that:

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a *certificate of probable cause.* As amended May 24, 1949, c. 139, § 113, 63 Stat. 105; Oct. 31, 1951, c. 655, § 52, 65 Stat. 727. (emphasis added).

In addition, under Rule 22(b) of the Federal Rules of Appellate Procedure, a district

court must either issue a certificate of probable cause or state the reasons for a denial. A review of the law reveals, however, that there is no set standard for determining whether a certificate of probable cause should issue. In the Ninth Circuit, the court generally requires that the petitioner must raise a substantial question for review. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977). The Ninth Circuit, has, however, also employed the frivolous standard, *see Poe v. Gladden*, 287 F.2d 249 (9th Cir. 1961), and recognizes that there is little difference between the two standards when applied to certificates of probable cause. 558 F.2d at 551.

The First Circuit in *Ex parte Farrell*, 189 F.2d 540, 543 (1st Cir. 1951), established a seemingly more strict standard requiring that the petition for a certificate set forth a substantial question before a district court issued a certificate. Other courts have treated the question as being addressed to the sound discretion of the trial court. *See Dillingham v. Wainwright*, 422 F.Supp. 259 (S.D.Fla.1976). (Applying frivolous standard).

The Seventh Circuit, however, has not set forth any standard for the courts in this circuit to follow. In the past, this Court has utilized the frivolous standard, although other courts in this district apply the substantial question analysis of the Ninth Circuit. *See Gordon v. Sec. of State of Wisconsin*, 462 F.Supp. 307 (E.D.Wis.1978) (J. Gordon). There is no conflict, however, because both standards are substantially the same in application. To the extent, however, that in the past petitioners have requested a certificate of probable cause without stating any grounds upon which their appeals ·are based, the Court will adopt a new procedure. Hereafter, a petition for a certificate of probable cause shall state in short paragraphs the grounds upon which the request is made and the substantial questions to be raised on appeal.

In this case, the petitioner has requested a certificate of probable cause but has not stated any grounds upon which such a certification should be granted. Therefore, the petitioner is hereby ordered to submit, within 14 days from the date of this order, a short statement of the reasons for which he contends the certificate should issue.