**Gregory HOUSTON, Petitioner-Appellant,**

v.

**Barry MINTZES, Respondent-Appellee.**

**No. 83–1181.**

United States Court of Appeals,
Sixth Circuit.

Argued July 25, 1983.

Decided Nov. 22, 1983.

Carl Ziemba, argued, Detroit, Mich., for petitioner-appellant.

Frank J. Kelley, Atty. Gen. of Mich., Eric J. Eggan, argued, Asst. Atty. Gen., Corrections Div., Crim. Appeals Sec., Lansing, Mich., for respondent-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

█ This appeal of a final judgment of a district court denying a petition of a state prisoner for a writ of habeas corpus initially raises the question as to the effect of the district court's issuance of a certificate of probable cause which purports to limit certification to only two of the six grounds that petitioner-appellant seeks to raise on this appeal. We conclude that such limitation has no legal effect in that, a certificate having been issued by the district court, the final judgment denying habeas relief is before us for review, and that we may accordingly consider all grounds raised by petitioner-appellant to the same extent as if the district court had specifically certified as to all such grounds. We further conclude, however, that petitioner-appellant's contentions are without merit for the reasons set out in the district court's memorandum opinion denying the petition entered June 1, 1982, and we therefore affirm the dismissal of the petition.

Petitioner-appellant, Gregory Houston, was convicted after a trial by jury in a Michigan court of first degree murder and assault with intent to commit murder and was sentenced to life imprisonment. The Michigan Court of Appeals affirmed the conviction, *People v. Houston,* Docket No. 77–1607 (June 16, 1980), and the state Supreme Court denied Houston's application for leave to appeal. *People v. Houston,* Docket No. 65383 (May 19, 1981).

Houston then filed a petition in federal district court at Detroit for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging six constitutional grounds for relief. As before stated, the district court determined that Houston's asserted grounds for relief were without merit and dismissed his petition. Houston filed a timely notice of appeal and moved for a certificate of probable cause. The district court granted the motion but, in doing so, purported to limit the certificate to only two of the six

grounds asserted by Houston, stating in its certificate that: "The Court declines to certify as to the remaining four grounds raised by petitioner because they fail to raise substantial issues of fact or law and were fairly and properly decided under prevailing authority."

Houston then applied to this court for a certificate of probable cause as to the remaining four counts. This court thereupon entered an order providing that the application for a certificate as to such four grounds be referred for consideration by the hearing panel and directing the parties "to brief the issues of whether a limited certificate of probable cause is effective; whether there is a necessity for a further certificate of probable cause as to issues two, three, five and six and the merits of issues two, three, five and six."

The statutory provision that governs the issuance of certificates of probable cause, 28 U.S.C. § 2253, provides:

\* \* \* \* \* \*

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

This statutory provision has been interpreted and fleshed out by Rule 22(b) of the Fed.R.App.P. as follows:

**(b) Necessity of Certificate of Probable Cause for Appeal.** In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district

court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a state or its representative, a certificate of probable cause is not required.

Accordingly, where, as here, a district court purports to limit its certificate of probable cause to particular issues, a single circuit judge may entertain an application to grant the certificate. Thus the question as to the legal effect of the attempt by the district court to limit its certificate to specific issues is, we recognize, less than momentous; this is a prime example of a situation in which it may not be of great importance what the law is but it is important that the law be clear.

Initially, we note that, as expressly provided by section 2253, the certificate of probable cause is a condition precedent to an appeal of a "final order" of the district court, not to an appeal of issues decided by a district court. Here Houston is appealing from a "final order" of the district court dismissing his petition.

It appears that only two circuits have expressly ruled on the legal effectiveness of a purported limitation of a certificate of probable cause and neither of these cases dealt with the legal effect of such a limitation in a certificate issued by a district court.

In *Vicaretti v. Henderson,* 645 F.2d 100 (2d Cir.1980) *cert. denied,* 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981), a panel of the Second Circuit had granted a certificate limited to only one of the issues raised by the habeas appellant. The hearing panel, considering only the certified issue, subse-

quently affirmed the denial of relief. The appellant then filed a petition to rehear, contending that the prior panel had no authority to limit the certificate of probable cause to the one issue, and seeking review by the hearing panel of all issues. The court held that the granting of a limiting certificate by the prior panel would be given effect as a ruling "akin to a ruling entitled to be considered as the law of the case," *id.* at 102, but that the hearing panel could broaden the appeal if justice required. In reaching this result, the court relied on an analogy to the Supreme Court's grant of certiorari limited to particular issues and also relied on a felt pragmatic necessity of focusing the attention of the litigants on the issues that merit review. The concurring judge stated serious doubts as to the validity of the analogy to the Supreme Court's practice in granting certiorari as to limited issues but concurred in the result because he believed that the practice of limiting the issues was necessary to alleviate the burden on the federal courts and that appellate courts have such inherent discretion.

In *United States ex rel. Hickey v. Jeffes,* 571 F.2d 762 (3d Cir.1978), petitioner-appellant Hickey, a state prisoner, filed a petition for writ of habeas corpus in the federal district court for the Eastern District of Pennsylvania, asserting several constitutional grounds for relief. Hickey had been convicted in a Pennsylvania court of several related crimes, and the convictions had been affirmed on direct appeal. The district court dismissed the petition for failure to exhaust state remedies and denied Hickey's application for a certificate of probable cause. On appeal, a panel of the Third Circuit had granted a certificate but limited it to the single issue of whether Hickey's conviction of one of the crimes was constitutionally infirm because there was an absence of proof as to an ingredient of the crime. The hearing panel of the court of appeals held that Hickey had exhausted his state remedies and went on to hold that Hickey's conviction of such crime was con-

stitutionally invalid because there had been an absence of proof.

The court of appeals then dealt with Hickey's contention that his conviction of the other crimes could not stand because the admission of certain evidence was in violation of his constitutional rights. In doing so, the court first had to decide what effect, if any, the limited certificate of probable cause, issued by a prior panel of the court, had on Hickey's right to have the hearing panel adjudicate these issues. The court came to the conclusion that the prior panel's limitation of the issues was legally ineffective, then considered these contentions and determined them to be without merit.

In reaching the conclusion that the attempt of the prior panel to limit the issues was legally ineffective, the court in *Hickey* stated as a reason therefor the fact that appeals under section 2253 are from final judgments, not from issues decided by the district court. The court also pointed out that nothing in the legislative history of section 2253 supported the view that the granting of a limited certificate of probable cause was legally effective. The court also stated concern that if effect were given to the limiting provision in a certificate, this might cause a hearing panel to decide a novel and unsettled question of constitutional law when relief could have been granted on the basis of a settled but not certified ground. Finally, the court pointed out (which would appear to undercut this last-mentioned concern of the court) that under the statute and Rule 22(b), if a notice of appeal is timely filed, a single circuit judge who is a member of the hearing panel may issue a certificate of probable cause so that a limiting provision in a prior certificate could have little practical effect.

In *Johnson v. Bennett*, 386 F.2d 677 (8th Cir.1967), *vacated on other grounds,* 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), in a habeas appeal by a state prisoner, the appellee-respondent contended in the court of appeals that the certificate of probable cause issued by the district judge effectively limited the issues to be considered. The

court of appeals determined that, properly construed, the certificate did not purport to limit the issues, and it further stated that, in any event, it had "considerable doubt whether the trial court can limit the issues to be considered upon appeal by limitations in the certificate...." *Id.* at 678.

We conclude that, in view of the provision in section 2253 that an appeal from a "final order" cannot be had unless a certificate of probable cause is issued, and in view of the fact that Houston here appeals, not from issues decided by the district court, but from the final order of the district court, the grant of the certificate of probable cause by the district court, in spite of its purported limiting provision, brings before us the final judgment for review in all respects.

In so ruling, we are not unmindful of the tremendous burden on the federal court system, as pointed out by the opinion of the Second Circuit in *Vicaretti,* in adjudicating habeas claims brought by state prisoners. But even if district judges could issue certificates with limiting provisions that were given legal effect, one or more circuit judges could still be called upon to issue a broader certificate. Moreover, in granting a certificate without limitation, a district court can, as indeed it should, include in its memorandum denying relief its views as to the grounds asserted as to which probable cause for appeal exists and the grounds that have no merit whatsoever.

■ Having considered all of the grounds for relief asserted by Houston, we determine that they are without merit for the reasons set out in the district court's memorandum opinion entered June 1, 1982.

The judgment of the district court is therefore Affirmed.

WELLFORD, Circuit Judge, concurring.

I am in agreement with the result reached in this case, a finding that the petitioner's claims are without merit and

affirming the district judge's judgment. I would affirm, however, on the basis of the decision in *Vicaretti v. Henderson,* 645 F.2d 100 (2d Cir.1980) *cert. denied,* 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981), a well-reasoned opinion of Judge Newman. The practice of limiting the issues by a certificate of probable cause appears to "involve a court's sensible attempt to focus the attention of the litigants on the issues that merit review under the relevant standard." *Id.* at 102. As pointed out in that decision, other courts have approved this practice *sub silentio* in *United States ex rel. Nunes v. Nelson,* 467 F.2d 1380 (9th Cir.1972); *Nelson v. Moore,* 470 F.2d 1192, 1194 n. 1 (1st Cir. 1972) *cert. denied,* 412 U.S. 951, 93 S.Ct. 3017, 37 L.Ed.2d 1003 (1973). *See also United States ex rel. Sadowy v. Fay,* 284 F.2d 426 (2d Cir.1960). I would approve the practice in this case of limiting the certificate of probable cause, and the appeal, to specific issues only.