■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK PRATT, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 29, 1982, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and grand larceny in the second degree. On March 31, 1981, at approximately 3:00 A.M., defendant and one Leonard Predious broke into Warden's Motor Vehicle Repair Shop in the City of Troy and stole two motorcycles, jointly valued at $8,500. Defendant ultimately pleaded guilty to the crimes of burglary in the third degree and grand larceny in the second degree. He was sentenced to two concurrent terms of one year in the county jail. Defendant raises three issues on this appeal. First, he contends that County Court erred in accepting his guilty plea. He bases this contention on the ground that County Court never asked him to recite the facts of the incident in question before accepting his plea at the plea hearing, but instead read him the facts as set forth in the indictment and then asked if they were true and how he wished to plead. The contention that defendant's plea was wrongly accepted because of this omission is meritless. It has consistently been held that no set procedure is required in the acceptance of a guilty plea so long as there is no showing of prejudice to the defendant's rights (*People v Nixon*, 21 NY2d 338, 355, cert den 393 US 1067). A plea is properly accepted, in the exercise of the trial court's discretion, conditioned upon there being no evidence of (1) a dispute regarding the facts, (2) an incorrect charge on the face of the indictment, or (3) inadequate representation by counsel (*People v Francis*, 38 NY2d 150, 153-154). There was no such evidence here. Before accepting his guilty plea, County Court asked defendant if he had had an opportunity to confer with his attorney (who was with him). Defendant stated that he had. The court further advised defendant of the rights he was waiving as a result of his plea. It then related the facts of the crimes as set forth in the indictment and elicited from defendant the response that they were true and that he was pleading guilty as charged. There was no evidence of any cavil on defendant's part regarding the facts, the charges or his legal representation to vitiate the validity of his plea (cf. *People v Serrano*, 15 NY2d 304). Further, the record reveals that defendant was no stranger to the criminal justice system, having been indicted on three previous occasions. That defendant was comparatively knowledgeable and criminally experienced tends further to negate the argument that his rights were overridden by the trial court's behavior here (see *People v Nixon, supra*, p 353). As there is no requirement that the trial court elicit from the defendant a

recitation of the facts of the crimes charged before a guilty plea is accepted (*id.,* at p 354), and since there is no evidence that defendant's rights were prejudiced in any way, his argument that his plea was improperly accepted should be rejected. Defendant's second argument is that his conviction should be overturned because he was denied the right to a speedy trial under CPL 30.30. He notes that although he was indicted on June 25, 1981, his plea hearing was not until June 22, 1982. This argument is also meritless. First, the speedy trial issue was not preserved for review by this court since defendant failed to raise it before County Court, which he might have done at either the plea or sentencing hearings (see *People v Adams,* 38 NY2d 605, 607). Further, by his guilty plea, defendant waived his statutory right to a speedy trial (see *People v Friscia,* 51 NY2d 845, 847). Moreover, even in the absence of a waiver, the record reveals that the People indicated that they would be ready for trial as early as July 20, 1981, less than four weeks after the indictment was filed and obviously well within the six-month time limitation of CPL 30.30. Copies of correspondence in the record show that any delays in concluding the case were caused by requests made by defendant's attorney for additional time in which to file pretrial motions. Defendant's final argument, that his concurrent one-year sentences were harsh and excessive, is similarly unpersuasive. The presentence report reveals that when defendant was last on probation, he failed to comply with the directives of the Probation Department. Since defendant has demonstrated his unfitness for probation, a term of imprisonment of one year does not seem unduly harsh. Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.