James BARBER, Petitioner-Appellant,

v.

Charles SCULLY, Superintendent,
Greenhaven Correctional Facility,
Respondent-Appellee.

Cal. No. 506, Docket 83–2085.

United States Court of Appeals,
Second Circuit.

Argued Dec. 6, 1983.

Decided April 4, 1984.

Robert W. Stieve, White Plains, N.Y.
(The Legal Aid Soc. of Westchester County, White Plains, N.Y., of counsel), for petitioner-appellant.

Richard E. Weill, Asst. Dist. Atty., White Plains, N.Y. (Carl A. Vergari, Dist. Atty. of Westchester County and Gerald D. Reilly, Asst. Dist. Atty., White Plains, N.Y., of counsel), for respondent-appellee.

Before TIMBERS, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

James Barber appeals from a judgment of the United States District Court for the Southern District of New York (Lasker, J.), denying appellant's petition for a writ of habeas corpus. Barber was convicted in Westchester County Court of murder in the second degree, arson, and grand larceny. The Appellate Division, Second Department, affirmed his conviction, *People v. Barber*, 83 A.D.2d 794, 441 N.Y.S.2d 757 (1981), and the New York Court of Appeals denied leave to appeal, *People v. Barber*, 55 N.Y.2d 826, 447 N.Y.S.2d 1038, 432 N.E.2d 146 (1981). The United States Supreme Court denied certiorari. *Barber v. New York*, 455 U.S. 1025, 102 S.Ct. 1727, 72 L.Ed.2d 145 (1982).

Barber contends on this appeal that pretrial delay violated his right to a speedy trial and that the admission of certain testimony violated his Sixth Amendment right of confrontation. The district court resolved both of these issues against appellant. *See Barber v. Scully*, 557 F.Supp. 1292 (S.D.N.Y.1983). We affirm.

In the summer of 1977, Barber became a tenant in the home of Mary O'Connor, an eighty-year-old widow, in Peekskill, New

York. However, he often failed to pay the $20 per week rent which she charged him for the use of her spare bedroom. Moreover, when Mrs. O'Connor pressed him about his defaults, Barber became annoyed.

The prosecution contended that, during one such confrontation, Barber became violent, striking Mrs. O'Connor and slashing her face and neck with a knife. Leaving her bleeding on the floor, Barber took Mrs. O'Connor's wallet and car keys, cut the telephone cord, and drove away in her car. He later returned to the house to collect his belongings. Finding Mrs. O'Connor still alive, he strangled her with his bare hands. He then set fire to the house and fled in her car. Fifteen weeks later, Barber was arrested while driving Mrs. O'Connor's car in Jamaica, New York.

■ Although Barber was not brought to trial until two years after his arrest, his contention that this delay violated his speedy trial right is without merit. Most of the delay was caused by Barber's prosecution of proceedings aimed at preventing the State from taking a sample of his hair in order that it might be compared with hair found in Mrs. O'Connor's hand. Because this delay was not chargeable to the prosecution and did not impair appellant's ability to defend against the State's case, it did not violate his Sixth Amendment right to a speedy trial. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

The only challenged testimony which merits discussion was the statement by a friend of the victim that, on the day of her murder, Mrs. O'Connor had told the witness she was afraid of Barber. When Barber's counsel objected to this testimony as hearsay, the trial judge overruled the objection, stating that the statement was not being received for its truth but only to indicate the victim's state of mind.

■ The district court ruled that Barber had waived his Sixth Amendment right of confrontation claim by voicing his objection as one based solely on hearsay. 557

F.Supp. at 1294–95. The district court correctly noted that New York follows a stringent approach to the contemporaneous objection rule, a rule which requires that an objection must be "sufficiently specific to focus attention upon the particular issue sought to be raised on appeal." *People v. Jones,* 81 A.D.2d 22, 36, 41–42, 440 N.Y. S.2d 248 (1981). *See, e.g., People v. Lieberman,* 47 N.Y.2d 931, 932–33, 419 N.Y.S.2d 946, 393 N.E.2d 1019 (1979), where the New York Court of Appeals said:

> Though defendant's attorney in oral argument on his motion for reargument did at one point refer to defendant's "Constitutional rights to a speedy trial", neither the notice of motion nor the affidavit gave notice of any change in the predicate for the speedy trial motion from CPL 30.30 to constitutional grounds. Under such circumstances, the issues have not been preserved for review (*People v. Johnson,* 42 NY2d 841 [397 N.Y. S.2d 380, 366 N.E.2d 80]; *People v. Tutt,* 38 NY2d 1011 [384 N.Y.S.2d 444, 348 N.E.2d 920]; *People v. Adams,* 38 NY2d 605 [381 N.Y.S.2d 847, 345 N.E.2d 318]).

It is apparent from the record that the trial court was solicitous of Barber's rights. For example, the court excluded evidence that Barber had confessed the strangling of Mrs. O'Connor to both the police and a priest, despite the State's contention that Barber's disclosure to the police of the penitential confession constituted a waiver of the statutory privilege under N.Y.Civ.Prac.Law § 4505 (McKinney Supp.1983). Had Barber articulated his constitutional objection to the state of mind testimony, as required by New York's contemporaneous objection rule, the trial court undoubtedly would have given this objection similar careful consideration. However, Barber made no such disclosure.

Whether Barber's trial court waiver of his Sixth Amendment claim was a procedural default that rendered the claim unavailable for consideration on federal habeas corpus review, *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is a close question. We have as-

sumed that silent affirmance by the Appellate Division rests on procedural default only if the state prosecutor argued procedural default in the state appellate court. *Compare Edwards v. Jones,* 720 F.2d 751 (2d Cir.1983), *with Washington v. Harris,* 650 F.2d 447 (2d Cir.1981). Judge Lasker distinguished *Washington* on the ground that the state's appellate brief in that case had not only omitted a procedural default argument but had also specifically argued the merits of the constitutional issue, which had not occurred in Barber's state court appeal. *Barber v. Scully, supra,* 557 F.Supp. at 1294–95. We need not decide whether that distinction is valid nor whether *Edwards* applies in the unusual circumstances of this case, which seem unlikely to recur, since, in any event, the Sixth Amendment claim is without merit.

Barber's counsel quite correctly has noted that O'Connor's state of mind had some relevance to the larceny charge, "i.e., to whether Barber's use of her car was permissive or unlawful." *See United States v. Harvey,* 526 F.2d 529, 534–36 (2d Cir. 1975), *cert. denied,* 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1976); *United States v. Zito,* 467 F.2d 1401, 1404 (2d Cir.1972); *United States v. DeCarlo,* 458 F.2d 358, 362–65 (3d Cir.) (en banc), *cert. denied,* 409 U.S. 843, 93 S.Ct. 107, 34 L.Ed.2d 83 (1972). We see nothing to indicate that, insofar as the murder charge was concerned, the testimony concerning Mrs. O'Connor's state of mind was "crucial" or "devastating", *Dutton v. Evans,* 400 U.S. 74, 87, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970); *Rado v. Connecticut,* 607 F.2d 572, 579 (2d Cir.1979), *cert. denied,* 447 U.S. 920, 100 S.Ct. 3009, 65 L.Ed.2d 1112 (1980); *United States v. Wright,* 588 F.2d 31, 38 (2d Cir.1978), *cert. denied,* 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 467 (1979), or "vitally important" to the prosecution's case, *United States v. Rubio,* 709 F.2d 146, 154–55 (2d Cir.1983); *United States v. Marin,* 669 F.2d 73, 83 (2d Cir.1982). Moreover, to the extent that Mrs. O'Connor's state of mind was relevant to the larceny charge, her statement that she feared Barber bears sufficient "indicia of reliability" to satisfy the confrontation clause. *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980). State of mind testimony is a recognized exception to the hearsay rule, *see* Fed.R.Evid. 803(3), and "reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Ohio v. Roberts, supra,* 448 U.S. at 66, 100 S.Ct. at 2539.

█ There was ample testimony through Barber's own admissions that he had become exceedingly annoyed at Mrs. O'Connor because of her importunings that he pay his delinquent rent. It would be surprising indeed if an eighty-year-old widow such as Mrs. O'Connor did not react apprehensively to such annoyance. However, Mrs. O'Connor's fear of her obstreperous boarder no more pointed to him as her murderer than did his own admissions of aggravation and annoyance at her pleas for rent. The trial court charged the jury that the challenged testimony was "purely on the state of mind of Mrs. O'Connor as to whether she had given the car to Mr. Barber or not", and admonished the jury on several occasions that the testimony was not being received as a true statement. In view of the strong evidence of Barber's guilt, if admission of the state of mind testimony was error, it was harmless error. *See Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

Appellant's other claims of error were not included in the district court's certification of probable cause. *See Vicaretti v. Henderson,* 645 F.2d 100 (2d Cir.1980), *cert. denied,* 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981); *United States ex rel. Sadowy v. Fay,* 284 F.2d 426, 427 (2d Cir. 1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). Although we have authority to broaden the scope of the appeal if it is "just under the circumstances" to do so, *see Vicaretti, supra,* 645 F.2d at 102, appellant's remaining contentions are not of sufficient substance to warrant discussion.

The judgment of the district court is affirmed.