■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. LIPPELT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered December 6, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Following his arrest outside a pharmacy, which had been broken into, defendant was charged in a superior court information with burglary in the third degree. Defendant waived his right to have the matter presented to the Grand Jury and entered a plea of guilty to the crime charged in the information. The plea was entered as part of an agreement whereby defendant was to be released on his own recognizance for the purpose of entering a drug treatment program that was expected to last 12 to 18 months; upon defendant's successful completion of the program, County Court would entertain defendant's motion to withdraw his guilty plea and enter a plea of guilty to the charge of criminal trespass, with a sentence of three years' probation. Defendant was advised that if he failed to complete the program, he faced a substantial prison term as a second felony offender.

Defendant left the drug treatment program without permission on two occasions. He was denied readmission after the second unauthorized absence, and County Court issued a bench warrant resulting in defendant's arrest. The court denied defendant's motion to withdraw his guilty plea and sentenced him as a second felony offender to a term of imprisonment of 3 to 6 years.

Defendant claims that County Court's denial of his motion to withdraw his plea was an abuse of discretion. The thrust of defendant's argument is that the plea minutes reveal a question as to whether defendant had the intent necessary to commit the crime to which he was entering a plea, i.e., the crime of burglary in the third degree. The minutes show that when asked by the court to describe his actions leading up to his arrest, defendant claimed that he could not remember due to his drinking and drug use that evening. The prosecutor

then described the People's evidence, which established circumstantially that defendant had broken into and entered the pharmacy. There was no direct proof that he did so with the intent to steal anything (see, Penal Law § 140.20). However, defendant specifically admitted that the allegations of the information, including the element of intent, were true. More importantly, before accepting defendant's plea, County Court advised defendant that the defense of intoxication could be raised at trial to negate any showing of a specific intent to enter the premises in order to steal property, but that a guilty plea would waive the right to raise that issue. Defendant, who was represented by counsel, stated that he understood. Defendant's plea was entered only after he was fully advised of the rights he was waiving. The plea was the result of negotiations which yielded an agreement highly favorable to defendant. He sought to vacate the plea only after he failed to abide by the agreement. We see no basis for setting aside the bargain (see, People v Francis, 38 NY2d 150; People v Pratt, 99 AD2d 909).

Defendant's remaining arguments are also lacking in merit. In particular, his claim that the delay between the plea and the sentencing divested County Court of jurisdiction is patently frivolous, for the delay was required by the plea bargain, to which defendant agreed (see, People v Drake, 61 NY2d 359, 364-367). In view of defendant's lengthy criminal history, which includes some 30 arrests during the period 1973 to 1985, we see no abuse of discretion in the sentence imposed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.