Earl S. STUART, Jr., Petitioner,

v.

John R. GAGNON, Respondent.

No. 85–2446.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 1, 1986.

Decided Jan. 28, 1987.

Steven P. Weiss, State Public Defender,
Madison, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., Madison, Wis., for respondent.

Before BAUER, Chief Judge, WOOD and CUDAHY, Circuit Judges.

PER CURIAM.

Petitioner Earl S. Stuart, Jr., filed a petition for habeas relief in the district court, 28 U.S.C. § 2254. The district court denied the habeas petition and declined to issue a certificate of probable cause. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). Stuart now seeks a certificate of probable cause from this Court.

I.

On the evening of October 14, 1979, three armed and masked men robbed a Glenwood City, Wisconsin pharmacy. A jury convicted Stuart of the armed robbery based in large part upon the immunized testimony of two brothers who admitted to participating in the robbery. Although no customer or employee was able to identify Stuart as one of the robbers, both brothers named Stuart as the third robber. The Wisconsin trial court sentenced Stuart to thirteen years in prison for his part in the robbery.

After exhausting his state remedies, Stuart filed the present habeas petition alleging that he was denied a fair trial because (1) the prosecutor refused to stipulate to the admissibility of the results of a polygraph test; (2) the prosecutor refused to extend immunity to a defense witness; (3) the prosecutor declined to charge another individual with the crime; and (4) the trial judge refused to compel the prosecutor to take the actions described above. In a lengthy and meticulous order, the district court denied the habeas petition. *Stuart v. Gagnon*, 614 F.Supp. 247 (E.D.Wis.1985). Stuart then filed a notice of appeal and in a short note at the bottom of the notice of appeal, requested that the district court issue him a certificate of probable cause. Citing *Beller v. Clausen*, 484 F.Supp. 217, 218 (E.D.Wis.1980), the district court declined to issue a certificate of probable cause on the grounds that Stuart's request

was not "accompanied by any explanation of the grounds upon which the request is made nor by a statement of the issues to be raised on appeal."

## II.

■ As a preliminary matter, we address the district court's policy of requiring a petitioner to state the reasons why the certificate of probable cause should issue and to identify the issues to be raised on appeal. *See Beller v. Clausen*, 484 F.Supp. at 218 ("Hereafter, a petition for a certificate of probable cause shall state in short paragraphs the grounds upon which the request is made and the substantial questions to be raised on appeal."). Congress requires that a state prisoner seeking federal habeas relief obtain a certificate of probable cause before proceeding on appeal. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). The purpose underlying the certificate of probable cause requirement is "to prevent frivolous appeals from delaying the States' ability to impose sentences." *Barefoot v. Estelle*, 463 U.S. 880, 892, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); *see Van Pilon v. Reed*, 799 F.2d 1332, 1335 (9th Cir.1986) ("By issuing a certificate, the district court notifies this court that in its opinion, the petitioner is not abusing the writ through frivolous litigation."). To obtain a certificate of probable cause, the petitioner must make a "substantial showing of the denial of [a] federal right." *Barefoot*, 463 U.S. at 893, 103 S.Ct. at 3394 (citing *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied*, 406 U.S. 925,

92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)). A petitioner establishes a substantial showing of the denial of a federal right by demonstrating that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4 (citing *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980)).

Nothing in the plain language of 28 U.S.C. § 2253 or its legislative history indicates that a petitioner for a certificate of probable cause need detail the grounds upon which the petition is based or the substantial questions to be raised on appeal.[1] *Van Pilon*, 799 F.2d at 1335. The "language [of 28 U.S.C. § 2253] is consistent with the general rule that appeals lie from final judgments or orders, not from determinations of legal issues." *Id.* Further, Fed.R.App.P. 22(b) states that "[i]f no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals," and there is no requirement that a notice of appeal delimit the substantial issues to be raised on appeal. Fed.R.App.P. 3(c); 9 J. Moore, B. Ward, MOORE'S FEDERAL PRACTICE ¶ 203.16 and n. 2 (2d ed. 1985).[2]

Requiring a request for a certificate of probable cause to state the grounds upon which the petition is based and the substantial issues to be raised on appeal is redundant and adds a hurdle to habeas petitioners that Congress did not intend. The peti-

---

1. 28 U.S.C. § 2253 provides in pertinent part:

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

2. By contrast, Fed.R.App.P. 24(a) explicitly requires the petitioner for *in forma pauperis* status to list the issues that he intends to raise on appeal:

Rule 24. Proceedings in Forma Pauperis
(a) Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals. A party to an action in a district court

who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by form 4 of the appendix of forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, *and a statement of the issues which he intends to present on appeal.* If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.

\* \* \* \* \* \*

(emphasis added).

tioner establishes his claims and their merits in his habeas petition, the denial of which immediately precedes the notice of appeal and the request for a certificate of probable cause. We find no reason to require the petitioner to restate his claims in his petition for a certificate of probable cause.

### III.

In a thorough memorandum order and opinion, the district court carefully analyzed and rejected Stuart's assertions of constitutional error. *See Stuart v. Gagnon*, 614 F.Supp. 247 (E.D.Wis.1985). Stuart's petition for a certificate of probable cause has been presented to each member of the panel of this opinion. This court has carefully reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a federal right; the petitioner has failed to demonstrate that he should prevail on the merits, that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *See Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4. Accordingly, the request for a certificate of probable cause is denied.