**Larry SMITH, Petitioner–Appellant,**

v.

**James CHRANS, et al.,
Defendants–Appellees.**

**No. 87–1757.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 23, 1987.

Decided Jan. 7, 1988.

Rehearing and Rehearing En Banc
Denied Feb. 1, 1988.

Larry Smith, pro se.

Joan G. Fickinger, Office of Illinois Atty. Gen., Chicago, Ill., for defendants–appellees.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

Petitioner-appellant Larry Smith, a state prisoner, petitioned the district court for a writ of habeas corpus, challenging the legality of his incarceration. Following the district court's denial of his petition, Smith applied to the district court for a certificate of probable cause for appeal, as required by 28 U.S.C. § 2253. Attempting to limit the certificate to one of the four issues Smith raised in his petition, the district court granted the application in part and denied it in part. Smith's appeal of the district court's order presents a question which has occasioned a split among the circuits: whether a district court's attempt to limit a certificate of probable cause to specific issues has an effect upon the disposition of the petitioner's appeal. *Compare Barber v. Scully*, 731 F.2d 1073 (2d Cir. 1984) (district court may grant limited certificate); *Vicaretti v. Henderson*, 645 F.2d 100 (2d Cir.1980) (Court of Appeals panel may grant limited certificate) *with United States ex rel. Hickey v. Jeffes*, 571 F.2d 762 (3d Cir.1978) (Court of Appeals' grant of limited certificate is improper); *Houston v. Mintzes*, 722 F.2d 290 (6th Cir.1983) (district court's grant of limited certificate is improper); *Van Pilon v. Reed*, 799 F.2d 1332 (9th Cir.1986) (same). We hold that the district court's attempt to limit a certificate of probable cause to specific issues does not affect our disposition of the petitioner's appeal.

### A. Background

Smith's petition for a writ of habeas corpus alleges that: 1) prosecutorial misconduct deprived him of a fair trial; 2) his sentence was unconstitutionally excessive; 3) the trial court's failure to grant him a

new trial, based upon a "split" verdict, deprived him of his right to a fair trial; and 4) the state courts' failure to address his contentions regarding the applicability of prior precedent, his potential for rehabilitation, and the existence of mitigating circumstances on direct appeal violated his right to due process.

After the district court denied Smith's petition for a writ of habeas corpus in its entirety, Smith applied for a certificate of probable cause pursuant to 28 U.S.C. § 2253. The district court's order granted the certificate only as to the issue of the prosecutor's alleged misconduct but denied the certificate with respect to the remaining three issues (as well as an issue concerning testimony admitted at sentencing raised for the first time in the application for a certificate). Thereafter, Smith filed a notice of appeal with this Court.

Since we construe Smith's notice of appeal as requesting this court issue a certificate of probable cause, Fed.R.App.P. 22(b), we would ordinarily be called upon to evaluate each issue Smith raises in his petition for a writ of habeas corpus in order to determine whether an unlimited certificate of probable cause should issue from this Court. Before doing so in this case, however, we must determine whether or not the district court's attempt to limit the certificate to specific issues has an effect on either our decision to grant or deny petitioner's request that this Court issue a certificate, or on our disposition of the resulting appeal. Because we hold that the district court may not limit a certificate of probable cause to specific issues, we construe the district court's action as a grant of an unlimited certificate.

## B. Discussion

The procedure for appealing a district court's grant or denial of a petition for a writ of habeas corpus is governed by federal statute and Fed.R.App.P. 22(b). Under the provisions of 28 U.S.C. § 2253,

> *An appeal may not be taken* to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, *unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.*

(Emphasis added.) 28 U.S.C. § 2253. Federal Rule of Appellate Procedure 22(b) provides:

> ... an appeal ... may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. *If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.* If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. *If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals....*

(Emphasis added.)

### 1. The Second Circuit Approach

In *Barber v. Scully,* 731 F.2d 1073 (2d Cir.1984), the Second Circuit accorded legal effect to the district court's limitation of a certificate of probable cause, although retaining the Court of Appeal's authority to broaden the scope of the appeal. The court noted that the petitioner's

> other claims of error were not included in the district court's certification of probable cause. [Citations.] Although we have authority to broaden the scope of the appeal if it is 'just under the circumstances' to do so, [citation], appellant's remaining contentions are not of sufficient substance to warrant discussion.

731 F.2d at 1073.[1] In so concluding, the court relied on its earlier decision in *Vicaretti v. Henderson*, 645 F.2d 100 (2d Cir. 1980); the *Barber* court made no distinction between a limitation in a certificate of probable cause imposed by a district court, as in *Barber*, and one imposed by a panel of the Court of Appeals, as in *Vicaretti*.

In *Vicaretti*, the Court of Appeals upheld its occasional practice of imposing limits on certificates of probable cause. The court ruled that such limits were authoritative, though not jurisdictional, when imposed by a three-judge panel of the Court of Appeals, 645 F.2d at 102, and that the weight to be accorded the limitation was similar to that accorded a ruling considered to be the law of the case. *Id.* The limitation may be broadened by the panel ruling on the merits if "just under the circumstances." *Id.* In concluding that granting a limited certificate of probable cause was proper, the court acknowledged there was no explicit authority in § 2253 for its holding, but did not find the absence of such authority dispositive. Instead, the court analogized § 2253 to the Supreme Court's "[exercise of] its discretionary authority to grant writs of certiorari to review cases in federal courts of appeal, 28 U.S.C. § 1251(1) (1976), and certain judgments of state courts, 28 U.S.C. § 1257(3) (1976)," which similarly lacks explicit issue-limiting authority. *Id.* at 101. While recognizing that the standard for issuing a certificate of probable cause, a substantial showing of the denial of a federal right, differed from that involved in granting certiorari, the court was persuaded that "both practices involve a court's sensible attempt to focus the attention of the litigants on the issues that merit review under the relevant standard." *Id.* at 102. Judge Goettell's separate opinion questioned the analogy to the Supreme Court's certiorari practice, but nonetheless concurred that granting a limited certificate of probable cause was proper for practical reasons: the number of serious state felony convictions which re-

sult in federal habeas petitions, the number of appeals by unsuccessful petitioners, the fact that "a court appointed attorney (paid for by the federal government) is usually assigned" where an appeal is allowed, and the resulting burden on the federal courts. *Id.* at 103 (Goettell, J., concurring in part, dissenting in part).

### 2. The Third, Sixth, and Ninth Circuit Approach

The Third Circuit in *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762 (3d Cir.1978), held that a panel of the Court of Appeals was not authorized to issue a limited certificate of probable cause. Following *Hickey*, the Sixth Circuit agreed that under § 2253,

> an appeal from a 'final order' cannot be had unless a certificate of probable cause is issued, and in view of the fact that Houston here appeals, not from issues decided by the district court but from the final order of the district court, the grant of the certificate of probable cause by the district court, in spite of its purported limiting provision, brings before us the final judgment for review in all respects.

*Houston v. Mintzes*, 722 F.2d 290, 293 (6th Cir.1983). In *Houston*, the district court purported to limit certification to two of the six grounds that the petitioner had attempted to raise on appeal. The court held that:

> such limitation has no legal effect in that, a certificate having been issued by the district court, the final judgment denying habeas relief is before us for review, and ... we may accordingly consider all grounds raised by petitioner-appellant to the same extent as if the district court had specifically certified as to all such grounds.

722 F.2d at 291. The court distinguished the Second Circuit's decision in *Vicaretti* on the ground that *Vicaretti* did not in-

---

1. The fact that the court so held suggests that the petitioner's notice of appeal was not construed as an application for a certificate of probable cause as to the issues rejected by the dis-

trict court. Had it been, he would have been precluded from making those arguments on the merits because no circuit judge had issued a certificate of probable cause on those issues.

volve a limitation imposed by a district court.[2]

Similarly, the Ninth Circuit refused to accord legal effect to a district court's attempted limitation on a certificate of probable cause in *Van Pilon v. Reed,* 799 F.2d 1332 (9th Cir.1986). In its analysis, the court initially noted that neither the language of § 2253 nor its legislative history indicated that "Congress intended this provision to permit a judge to limit the issues on appeal," *id.,* and that the language of the section was consistent "with the general rule that appeals lie from final judgments or orders, not from determinations of legal issues." *Id.*

Additionally, the *Van Pilon* court reasoned that the purpose of requiring the petitioner to obtain a certificate of probable cause is to screen frivolous appeals. It rejected as impractical the notion that limited certificates of probable cause serve to screen out frivolous issues.

> Presumably, if the district judge does not deny, but limits the certificate, the application will receive [treatment similar to a certificate which is denied]: the notice of appeal will be forwarded to this court and will be construed, as it was here, as a request to expand the certificate. Thus, whether the district judge denies or limits a certificate, this court will in any event be called upon to assess the substantiality of the issues. Appellants will likely raise uncertified issues in the hope that we will exercise our authority to broaden the scope of the appeal in the interests of justice, just as they frequently appeal after the district judge denies a certificate entirely.

*Id.* at 1336.

### C. Conclusion

For the reasons set forth in the decisions of the Sixth Circuit in *Houston* and the Third Circuit in *Hickey,* we decline to give legal effect to the district court's limitation on the certificate of probable cause. Our decision in *Stuart v. Gagnon,* 837 F.2d 289 (7th Cir.1987), offers some support for this approach. In *Stuart,* this Circuit relied in part on *Van Pilon* in concluding that a district court may not require "a petitioner to state the reasons why the certificate of probable cause should issue and to identify the issues to be raised on appeal." *Id.,* slip op. at 2. We explained that "[t]he purpose underlying the certificate of probable cause requirement is 'to prevent frivolous *appeals* from delaying the States' ability to impose sentences.' " *Id.* at 2–3 [quoting *Barefoot v. Estelle,* 463 U.S. 880, 892, 103 S.Ct. 3383, 3394, 77 L.Ed. 2d 1090 (1983) ] (emphasis added). Moreover, the court noted that there is no requirement that the notice of appeal, which may be deemed an application for a certificate of probable cause, state the issues to be raised on appeal. *Id.* at 3. The court rejected the district court's practice of requiring a statement of issues because "it adds a hurdle to habeas petitioners that Congress did not intend." *Id.* Similarly, in the case before us, Congress has not required that petitioners demonstrate that each issue raised in the habeas petition requires a certificate of probable cause.[3] We refuse to expand the congressional enactment of § 2253 to create such a requirement.

Practical considerations weigh in favor of our approach. The scenario predicted in *Van Pilon* is, in our view, accurate. Because we construe a habeas petitioner's notice of appeal as an application for a certificate of probable cause, those petitioners who are issued limited certificates will nevertheless obtain further consideration of the entire petition by this court. It appears likely that petitioners will also continue to argue the merits of excluded claims in the appeal for which a certificate

---

**2.** *Barber,* which did involve a district court's limitation, was decided after *Houston,* but makes no mention of the *Houston* decision.

**3.** A certificate of probable cause should be granted where there is a substantial showing of the denial of a federal right, the petitioner has demonstrated the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4.

was granted in the hopes of having those claims considered. Thus, two panels of judges will look at essentially the same case; the first to consider whether the excluded issues merit certification and the second to consider the claim or claims for which certification was granted. While the purpose of requiring the certificate is to save time by screening insubstantial appeals, the practice of granting limited certificates is neither time- nor cost-efficient. In fact, because the grant of a limited certificate results in multiple consideration of the same petition by appeals panels, the practice serves to exacerbate the administrative problems involved in resolving habeas appeals in a fair and efficient manner.

In any event, it is likely that habeas petitioners will continue to argue the merits of excluded claims on appeal in the hopes of having them considered. The Second Circuit does nothing to discourage this practice when it reserves the authority to broaden the scope of a limited certificate of probable cause where to do so is "just under the circumstances." *Barber*, 731 F.2d at 1073; *Vicaretti*, 645 F.2d at 102. Because the grant of a limited certificate serves only to increase, rather than decrease, the administrative burden of this Court, we hold that a district court may not limit a certificate of probable cause to specific issues.

Accordingly, we decline to give effect to the district court's limitation on Smith's certificate of probable cause. This case will be set for briefing and decided in the ordinary course.

It Is So Ordered.