918 F.2d 959
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricky L. LOBDELL, Petitioner/Appellant,
v.
Michael O'LEARY and Neil F. Hartigan, Respondents/Appellees.
 No. 89-2743.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1990.*
Decided Nov. 28, 1990.
 ORDER
 
 1
 Petitioner-Appellant Ricky L. Lobdell appeals pro se[1] from an order of the district court denying his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Lobdell challenges his conviction on a number of grounds primarily charging that he received ineffective assistance of trial counsel. Upon review of the district court's order, we have determined that the district court properly ruled on the issues raised in Lobdell's petition.
 
 I. PROCEDURAL HISTORY
 
 2
 In 1983, Lobdell was convicted of rape, home invasion and residential burglary after a jury trial. He was sentenced to 50 years and 30 years to run concurrently for the first two crimes and 8 years to run consecutive to the other sentences for the residential burglary conviction. Petitioner's conviction and sentence were upheld by the state appellate court; the state supreme court denied petitioner's appeal. Petitioner then sought collateral relief in the state court, raising a number of challenges to his conviction. The appeal was dismissed and the dismissal was upheld by the state appellate court; the state supreme court denied his leave to appeal the appellate court decision.
 
 
 3
 Petitioner then filed a petition for writ of habeas corpus challenging his conviction based on trial counsel's failure 1) to present alibi witnesses; 2) to introduce a forensic medical report; and 3) pursue DNA fingerprinting as exculpatory evidence. The district court addressed the issues piecemeal. First, it agreed that the state court finding that Lobdell did not raise counsel's failure to introduce a forensic medical report on direct appeal and therefore found that he procedurally defaulted on that issue.
 
 
 4
 Subsequently, petitioner filed an amended petition for writ of habeas corpus and a motion to reconsider the district court's order. In a second order, the district court found that while it was possible that witnesses could have given consistent alibi testimony, petitioner failed to provide evidentiary support for his claim and it therefore denied the petition as to the alibi witnesses. The district court further dismissed the issue of DNA fingerprinting, noting that such techniques were not discovered until at least two years after the trial.
 
 
 5
 Finally, Lobdell petitioned for a certificate of probable cause under 28 U.S.C. Sec. 2253. The district court issued a certificate of probable cause on the claim of the failure to present alibi witnesses; the district court found Lobdell's claims regarding failure to introduce the forensic medical report frivolous.
 
 II. ANALYSIS
 
 6
 Although the district court issued a certificate of probable cause only as to one of petitioner's claims, the petition in its entirety is before us on review. Smith v. Chrans, 836 F.2d 1076, 1079 (7th Cir.1988).
 
 
 7
 An ineffective assistance of counsel argument requires a two part analysis. Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance fell below an objective standard of reasonableness; petitioner must also show that counsel's failure to meet a reasonable standard of performance caused actual prejudice to petitioner's case. Sullivan v. Fairman, 819 F.2d. 1382, 1390 (7th Cir.1987); United States v. Rush, 890 F.2d 45, 50 (7th Cir.1989); United States v. Slaughter, 900 F.2d 1119, 1124 (7th Cir.1990). Petitioner does not provide support for the contention that his trial counsel's performance fell below a standard of objective reasonableness.
 
 A. Failure to Present Alibi Witnesses
 
 8
 A counsel's failure to call witnesses does not automatically give rise to an inference of ineffective representation; only when such witnesses would have provided exculpatory testimony can such an omission rise to the level of ineffective assistance. United States v. Muehlbauer, 892 F.2d 664, 669 (7th Cir.1990). Petitioner identified four witnesses who would have given exculpatory testimony and who were available to testify at trial: Debra Lobdell,[2] Sherry Hardimon, Ann Mudd, and Harold G. Smith. There are no affidavits or other offers of proof in the record indicating what testimony Lobdell, Hardimon[3] or Mudd would have presented had they been called to testify at trial. Petitioner has failed to make a specific, affirmative showing as to what the missing testimony would have been and therefore it is not possible to conclude that Petitioner suffered prejudice as a result of trial counsel's failure to introduce these witness' testimony. Cross v. O'Leary, 896 F.2d 1099 (7th Cir.1990).
 
 
 9
 The record does however contain an affidavit from Harold G. Smith recounting his version of the events on the night of the rape and his testimony as to Petitioner's whereabouts. However, there are also references to an earlier, inconsistent affidavit offered by Smith in the record. In addition, while Smith states in his affidavit that he would have presented an "absolute alibi" had he been called to testify at Petitioner's state court trial, the record contains a contradictory affidavit of Carolyn Douglas. Given the indications of unreliability of Smith's potential testimony, we can not conclude that the district court erred in denying petitioner's request for a writ of habeas corpus.
 
 
 10
 Petitioner has not provided evidence that trial counsel's conduct was objectively unreasonable or that his case was substantially prejudiced by the absence of Smith's testimony. In fact, presenting contradictory and unreliable testimony might have done more harm to petitioner's case than trial counsel's chosen strategy of presenting no evidence. Lewis v. Lane, 832 F.2d 1446, 1462 (7th Cir.1987), cert. denied 488 U.S. 829 (1988).
 
 
 11
 B. Failure to Present Forensic Medical Report
 
 
 12
 The Illinois appellate court held that petitioner did not object on direct appeal to trial counsel's failure to introduce a forensic medical report. Under Illinois law, such failure to raise an issue on direct appeal precludes collateral review of the issue based on res judicata principles. People v. Stewart, 123 Ill.2d 368, 376, 528 N.E.2d 631, 639 (1988), cert. denied, 109 S.Ct. 1356 (1989). Stating that it was not the province of a federal court to review state procedural decisions, the district court held that petitioner was procedurally barred from raising that claim in his habeas petition. Harris v. Reed, 109 S.Ct. 1038, 1043 (1989). (Procedural default bars consideration of federal claim on habeas review when last state court rendering judgment "clearly and expressly" rests its decision on state procedural grounds.)
 
 
 13
 Under the standard enunciated in Wainwright v. Sykes, 433 U.S. 72 (1977), a petitioner must have presented each argument included in a federal petition for writ of habeas corpus to a state court before he can file the petition in federal court. A petitioner may be excused from this requirement if the petitioner shows cause and prejudice as to why the issue was not brought in a state forum. Id.
 
 
 14
 While ineffective assistance of counsel, if proven, can be cause for a procedural default, Murray v. Carrier, 477 U.S. 488 (1986), petitioner does not present any argument to this court to explain the cause and prejudice suffered by the failure to raise this issue on direct appeal. The forensic medical report was available at the time of trial; no argument is offered to show cause why the issue was not raised on direct appeal. Because Lobdell has not established cause for failing to bring his claim on direct appeal in state court, we need not reach the issue of prejudice. Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir.1990).
 
 C. Failure to Pursue DNA Fingerprinting
 
 15
 Finally, we note that petitioner raises trial counsel's failure to pursue DNA "fingerprinting" as exculpatory evidence as an additional challenge to his imprisonment. While the district court stated that Petitioner used this argument only to buttress his challenge to trial counsel's failure to introduce forensic medical evidence, Petitioner has raised this issue as a separate argument in each phase of his habeas proceeding. The failure to pursue DNA fingerprinting evidence does not give cause for petitioner's failure to raise the omission of the forensic medical report as trial evidence before the state court. Further, the district court noted that DNA fingerprinting was not publicized as a scientific evidentiary technique until two years after petitioner's original trial. It can hardly be unreasonable for trial counsel to fail to conduct a form of investigation that is unknown. Therefore, petitioner offers no evidence of cause or prejudice on this issue.
 
 
 16
 For the reasons stated above, we conclude that the district court was correct in denying Lobdell's petition for writ of habeas corpus and AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Appellate counsel for Petitioner Lobdell filed a motion to withdraw and in support thereof an Anders brief. Respondents filed a brief in support of appellate counsel's brief. Petitioner filed a response to his counsel's Anders brief. This court granted counsel leave to withdraw by order dated May 3, 1990. Subsequently, Respondent filed a brief in response to Petitioner's pro se brief and Petitioner filed a reply brief
 Further, because a litigant in a civil suit does not have the right to appointed counsel, a lawyer assisting a prisoner in a collateral attack need not file an Anders brief in order to support a motion to withdraw on appeal. DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir.1989).
 
 
 [2]
 Petitioner attempts to introduce an affidavit executed by Debra Lobdell Mudd in March, 1990. However, as this affidavit was not before the district court, we will not consider this affidavit when evaluating the district court's decision
 
 
 [3]
 The record contains a general statement that Hardimon would testify as to Petitioner's whereabouts during at least part of the night in question. However, there is no specific information as to the content of Hardimon's potential testimony