**Sam AIMONE, Petitioner–Appellant,**

**v.**

**Charles SCULLY, Superintendent of Green Haven Correctional Facility, Respondent–Appellee.**

**No. 1163, Docket 87–2227.**

United States Court of Appeals, Second Circuit.

Argued May 31, 1988.

Decided June 13, 1988.

Irving Anolik, New York City, for petitioner-appellant.

Jay B. Damashek, New York City, Asst. Atty. Gen. of State of N.Y. (Robert

Abrams, Atty. Gen. of State of N.Y., O. Peter Sherwood, Sol. Gen., Gerald J. Ryan, Asst. Atty. Gen., of counsel), for respondent-appellee.

Before FEINBERG, Chief Judge, and LUMBARD and MINER, Circuit Judges.

PER CURIAM:

Appellant Sam Aimone appeals from an order of the United States District Court for the Southern District of New York, Whitman Knapp, J., denying Aimone's petition for a writ of habeas corpus but granting a certificate of probable cause limited to the issue of whether the trial judge's refusal to grant Aimone a severance violated his constitutional rights. Although Judge Knapp restricted the certificate to a single issue, we are exercising our discretion to consider the other questions that were briefed on appeal. *Barber v. Scully*, 731 F.2d 1073 (2d Cir.1984); *Vicaretti v. Henderson*, 645 F.2d 100 (2d Cir.1980), cert. denied, 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981). Were the only question before us the severance claim on which the certificate of probable cause was granted, we would have affirmed by order. However, appellant raises at least one other argument on appeal on which the scanty authority in this circuit justifies a published opinion.

■ Turning first to the severance issue, appellant argues that his rights to a fair trial and to due process were violated by the state trial judge's failure to grant appellant's motion for severance based upon a co-defendant's pro se defense of entrapment that allegedly prejudiced Aimone. We do not agree. The trial court acted within its discretion in denying appellant's motion for severance in light of the fact that the underlying drug law offense was committed by both appellant and the co-defendant, John Ross, and the two men were charged in a single indictment. Ross' defense was not antagonistic to Aimone's, which was that he was an innocent bystander, rather than a supplier, in a drug deal that Ross made with an undercover agent. In addition, evidence introduced by Ross of his prior drug deals did not implicate Aimone. Finally, the trial judge gave the jury a proper instruction that limited the jury to separate consideration of the evidence against each defendant.

Aimone also contends that the state trial judge impermissibly reserved decision on Aimone's motion to dismiss the indictment, made at the end of the prosecution's case, until the jury verdict was returned in order to allow the state to appeal, and then granted that motion nunc pro tunc. The state appealed thereafter and obtained a reinstatement of the guilty verdict. Appellant contends, however, that in the procedural posture of the "nunc pro tunc" ruling, the state should not have been allowed to appeal. At first blush, this argument appears to raise only a state law, not a federal constitutional, question. And, under New York law, a trial judge is authorized to do what the state judge did here and it is not a bar to the state's appeal of the verdict. N.Y.Crim.Proc.L. § 450.20(3); *People v. Leach*, 57 A.D.2d 332, 336, 394 N.Y.S.2d 722 (2d Dept.1977), aff'd, 46 N.Y. 2d 821, 414 N.Y.S.2d 121, 386 N.E.2d 1088 (1978).

■ However, even if Aimone is properly raising a federal double jeopardy argument, there was no constitutional violation here. Although we have not found any authority in this circuit precisely on point, i.e., involving a "nunc pro tunc" ruling in this context, we believe the case before us is governed by our decision in *United States v. De Garces*, 518 F.2d 1156 (2d Cir.1975). In that case, after the government had presented its case-in-chief, the district judge denied a motion for a judgment of acquittal. At the end of the entire case, the motion was renewed and denied. The case then went to the jury, which returned a guilty verdict. Thereafter, on defendant's motion, the judge set aside the verdict and entered a judgment of acquittal. In his oral ruling, the judge made clear that he was relying on the prosecution's failure to introduce sufficient evidence in its case-in-chief. Nevertheless, we held that the government could appeal and obtain reinstatement of the jury verdict.

Our theory was that where a statute authorizes a government appeal of a post-verdict judgment, after a jury has rendered a verdict of guilty, the principles of double jeopardy are not offended when reversal on appeal merely reinstates a prior judgment of conviction. See, *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Burns*, 597 F.2d 939 (5th Cir.1979). The same principle applies with equal, if not greater force, in our review of this state conviction.

We have considered all of appellant's other arguments and find them to be without merit. The judgment of the district court is affirmed.