**UNITED STATES of America**

v.

**Hector GONZALEZ, Carlos Colon and Angel Rosario, Defendants.**

**No. 88 Cr. 630 (PKL).**

United States District Court, S.D. New York.

Nov. 9, 1988.

**532**

Dietrich L. Snell, Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, for the U.S.

Charles J. Donovan, Jr., Donovan & Chang, New York City, for defendant Carlos Colon.

David Levitt, Legal Aid Soc., New York City, for defendant Angel Rosario.

## MEMORANDUM DECISION AND ORDER

LEISURE, District Judge.

The three defendants to this action are charged in a single count indictment with distribution of a Schedule II controlled substance, in violation of 18 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Defendant Carlos Colon ("Colon") has moved for a severance under Federal Rule of Criminal Procedure 14. Defendant Angel Rosario ("Rosario") has joined in that application. Defendant Hector Gonzalez ("Gonzalez") does not make a severance application. For the following reasons, the defendants' motions are denied.

Generally, where "defendants ... are jointly indicted [they] should be jointly tried." *United States v. Ventura,* 724 F.2d 305, 312 (2d Cir.1983). This is particularly true where the crime charged involves a common scheme or plan. *United States v. Turoff,* 853 F.2d 1037 (2d Cir.1988); *United States v. Girard,* 601 F.2d 69, 72 (2d Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The Supreme Court has unequivocally recognized that "[j]oint trials play a vital role in the criminal justice system." *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

The propriety of joinder in the abstract is not seriously challenged here, but defendant Colon argues that specific post-arrest statements by defendants Rosario and Hector Gonzalez ("Rosario statement" and "Gonzalez statement") will, upon their introduction at trial and the anticipated refusal of those defendants to testify, violate Colon's Sixth Amendment confrontation clause rights under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Additionally, the anticipated defenses of Colon and the other defendants are said to be so antagonistic as to require a severance.

### A. Confrontation Rights and Bruton.

As an initial matter the Court notes that motions to sever under Fed.R.Crim.P. 14 are "committed to the sound discretion of the trial judge," and that it is the defendant's "heavy burden" to:

show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial. The defendant must demonstrate that he suffered such prejudice as a result of joinder, not that he might have had a better chance for acquittal at a separate trial.

*United States v. Chang An–Lo,* 851 F.2d 547, 557 (2d Cir.1988) (citations omitted). *See also, United States v. Bari,* 750 F.2d 1169, 1177 (2d Cir.1984) (burden of showing substantial prejudice "amounting to a miscarriage of justice,"), *cert. denied sub*

*nom. Benfield v. United States,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *United States v. Wilkinson,* 754 F.2d 1427, 1435 (2d Cir.) (same), *cert. denied sub nom. Shipp v. United States,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir.) (same), *cert. denied* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984).

█ The admission at a joint trial of a co-defendant's statement that implicates the other defendant can constitute prejudicial error, notwithstanding any cautionary instructions that might be given to the jury. *Bruton v. United States,* 391 U.S. 123, 137, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1968). The rationale behind this proscription is, partly, that such "incriminations are devastating to the defendant and their credibility inevitably suspect." *Id.* at 136, n. 12, 88 S.Ct. at 1628, n. 12. Colon argues, and the Court agrees, that the unredacted statements made by Rosario and Gonzalez would fall within the statements contemplated by *Bruton. See, Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987).

The government, however, offers to seek to admit only redacted versions of the Rosario and Gonzalez statements. *See,* Exhibits C and D, attached to Government's Memorandum of Law in Opposition to the Severance Motions. This does not, however, *automatically* eliminate a confrontation clause problem. Redacted statements of a non-testifying co-defendant can still violate the defendant's Sixth Amendment rights if the statement is both clearly inculpatory and vitally important to the government's case against the defendant. *United States v. Knuckles,* 581 F.2d 305, 313 (2d Cir.), *cert. denied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978); *United States v. Wilkinson,* 754 F.2d 1427 (2d Cir.1985).

█ The proposed redacted statements in the present case are not, themselves, clearly inculpatory to the defendant Colon. The proposed redactions eliminate all reference to Colon, and eliminate all physical descriptions that might explicitly implicate Colon. The statements, to violate the *Bruton* rule, must be clearly inculpatory stand-

ing alone. *United States v. Burke,* 700 F.2d 70, 85 (2d Cir.), *cert. denied,* 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983). "Where, as here, the inculpatory impact upon the defendant of the statements is defused because it depends upon other prosecution evidence to connect the defendant to the subject of the statements, the *Bruton* rule is not violated." *United States v. Slocum,* 695 F.2d 650, 655 (2d Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983). *See also, United States ex rel. Nelson v. Follette,* 430 F.2d 1055, 1058 (2d Cir.1970), *cert. denied,* 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed.2d 818 (1971). The proposed redacted statements here, standing alone, do not clearly inculpate the defendant Colon.

The Supreme Court recently reaffirmed the application of *Bruton,* and held that where multiple statements of co-defendants "interlock," the concerns about the devastating impact of such statements are especially paramount. *Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 1718, 95 L.Ed.2d 162 (1987). The unredacted statements of the co-defendants in this case do "interlock" to some degree, and, as noted above, would require severance under Rule 14 if they were to be admitted at trial. The proposed redactions, however, eliminate the interlocking element of the out-of-court statements. The factors noted by the *Cruz* Court are not implicated here; they therefore present no additional reason to sever this action.

█ It is also not apparent that the redacted statements are "vital" to the government's case as would be required for severance. *United States v. Burke,* 700 F.2d 70, 85 (2d Cir.), *cert. denied,* 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983). The government asserts that direct identification evidence will be produced with regard to Colon. The redacted indictment, which contains no explicit reference to Colon's identity, therefore "could hardly be termed vital." *United States v. Slocum,* 695 F.2d 650, 656 (2d Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983).

The defendant Rosario has submitted no papers nor made any showing supporting a motion for severance, but counsel for Rosario indicated orally at a pre-trial proceeding that he wished to join in any severance motion made by defendant Colon. The proposed redacted indictments do not describe or identify Rosario, and the government has similarly asserted that there will be direct inculpatory evidence. There is no confrontation clause basis to sever the action against defendant Rosario.

In sum, the confrontation clause issues raised by defendant Colon are cured by the redaction of the co-defendants' statements. *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). The Court must, of course, attempt to ensure that there is "a careful foundation and curative instruction" to minimize prejudice to any defendants; in this case such precautions will eliminate the need for separate trials under *Bruton.* *See, United States v. Rubio,* 709 F.2d 146, 155 (2d Cir.1983).

### B. Antagonistic Defenses.

■ Defendant Colon asserts that the defenses of the co-defendants, allegedly "mere presence" defenses, are so antagonistic to Colon's mistaken identity defense that a severance is required under Fed.R. Crim.P. 14. The standard for severance on the basis of antagonistic defenses in this Circuit is that:

> '[A] simple showing of some antagonism between the defendants' theories of defense does not require severance.' Separate trials are required only upon a showing that 'the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant.'

*United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984) (*quoting, United States v. Carpentier,* 689 F.2d 21, 28 (2d Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983)) (citation omitted).

Defendant Colon makes the assumption that the co-defendants may testify at trial, consistent with their post-arrest statements. Neither statement, however, indicates that the co-defendants witnessed Colon make the subject sale to the undercover officer. The "mere presence" defenses of Rosario and Gonzalez are complementary, not antagonistic, to Colon's defense under the *Potamitis* standard above. The "core of testimony" on behalf of the co-defendants would presumably go to their mere presence on the street at the time of their arrest; the "core of testimony" on behalf of Colon would presumably involve the time and circumstances of his arrest. Under the standard in this Circuit set out above, the defendant Colon has not established antagonism sufficient to mandate severance under Rule 14.

*Aimone v. Scully,* 849 F.2d 87 (2d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 167, 102 L.Ed.2d 137 (1988), involved an allegation of antagonistic defenses. There, on a habeas corpus petition from a state court judgment, the defendant argued that the state trial judge's failure to sever the action violated his rights to a fair trial. In that case the defendant Ross asserted a defense of entrapment; defendant Aimone asserted that he was a mere bystander to a drug deal that Ross made with an undercover agent. The Court held that the defenses were "not antagonistic." *Id.* at 88. The Court noted that the requisite cautionary instructions were given by the trial judge, that the underlying drug law offense was committed by both of the defendants, and that they were charged in a single indictment. *Id.* There, as here, the showing of necessary antagonism under *Potamitis* and *Carpentier* was not made.

Defendant Rosario, again, has made no showings to support severance other than to indicate that he wished to be considered in such motions. There is no basis for an assertion by Rosario that antagonistic defenses require a severance under Rule 14 in the present case.

### Conclusion

The defendants' motions for a severance under Fed.R.Crim.P. 14 are denied. The

proposed redacted post-arrest statements of defendants Rosario and Gonzalez, if admitted at trial, would not require such a severance, nor are the anticipated defenses of the defendants so antagonistic as to require severance.

SO ORDERED.