Submitted on briefs February 24, reversed and remanded April 22, 1987

# FRANKLIN DAVID ROOF,
*Petitioner,*

*v.*

# BOARD OF PAROLE,
*Respondent.*

## (CA A41919)
736 P2d 193

Franklin David Roof, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner appeals from an order of the Board of Parole. ORS 144.335. He contends that the Board erroneously set his release date, because it did not treat his minimum sentences as a "unified minimum" and incorrectly computed his adjusted commitment date. *See* OAR 255-25-005 *et seq;* OAR 255-35-022(8).[1] We reverse and remand.

Petitioner was convicted of two counts of burglary I in February, 1983. The court merged the convictions for sentencing and sentenced him to 20 years with a 10-year minimum. ORS 144.110(1). The Board overrode the minimum and paroled him in October, 1984. While on parole, he was arrested and charged with several crimes. On December 24, 1984, the Board revoked his parole. *See* ORS 144.331; ORS 144.343; *former* OAR 255-75-090. On March 20, 1985, it imposed an additional 16-month prison term as a sanction for the parole violation, *see former* OAR 255-75-090(1), and set March 31, 1986, as the new release date.

In February, 1986, petitioner was convicted of the crimes which were the basis of his parole violation: ex-convict in possession of a weapon and three counts of burglary I, and one each of rape I, sodomy I and menacing. The court imposed a total of 45 years of consecutive sentences with 17 years of minimums.[2] The Board set petitioner's history risk score at 2 and used his rape conviction, with an offense severity rating of 6, to establish a principal range of 90 to 130 months. It established subordinate ranges for the crimes for which he was

---

[1] Petitioner's other assignments are without merit.

[2] The court imposed these sentences:

| Crime | Sentence | Minimum | Consecutive to |
|-------|----------|---------|----------------|
| 1. Ex-convict in possession of a weapon | 5 years | 2 yrs | 1983 burglary |
| 2. Burglary I, Rape I, Sodomy I, (3 counts) | 20 each | 10 | Crime 1 |
| 3. Burglary I (3 counts) | 20 each | | |
| 4. Burglary I | 20 | 5 | Crime 3 |

given consecutive sentences. It summed the ranges and established a single unified range of 112 to 160 months. *See* OAR 255-35-022(2), (3). Petitioner concedes that the Board correctly took all of those steps pursuant to OAR 255-35-022.

The Board then voted to override the 10-year minimum, but sustained the remaining seven years of minimums, *see* OAR 255-35-023, and set petitioner's release date at 112 months. The Board allowed 42 days credit for time served from March 31, 1986, and established his adjusted commitment date at February 17, 1986.[3] *See* OAR 255-25-015. Accordingly, it set his release date at June 16, 1995.

■ Petitioner first argues that, because the Board summed the ranges of his consecutive sentences, it could not override the 10-year minimum and leave intact the five- and two-year minimums. He relies on OAR 255-35-022, which provides, in part:

"(1) When consecutive sentences have been imposed, a rating and a range shall be assigned for each crime.

"(2) The Board shall consider the summed ranges as a single unified range. *Any minimum sentences imposed in conjunction with consecutive terms shall be considered a single unified minimum.*" (Emphasis supplied.)

The state concedes that the Board erred in separately overriding the 10-year minimum. It argues, however, that, because the Board did not affirmatively vote to override the "unified minimum" of 17 years, it remains in effect. Accordingly, it argues that petitioner's release date should be reset at 17 years. Petitioner, however, argues that the Board's action in overriding the 10-year minimum is the equivalent of overriding all of the minimums.

We agree with the state that the Board's action in separately overriding the 10-year minimum was ineffectual, but we do not agree that petitioner's release date should be set at 17 years. We reverse the Board's order overriding the 10-year minimum. The Board must apply the provisions of OAR 255-35-022(2) and reset petitioner's release date.

---

[3] The record does not indicate how the Board arrived at 42 days credit for time served. After his arrest, petitioner spent only 21 days in the county jail awaiting return to the custody of the Corrections Division. *See* OAR 255-25-005 *et seq.* The state does not assert that the Board erred in that regard.

■ Petitioner also argues that the Board should have set his adjusted commitment date at December 24, 1984, the date of his parole revocation. He relies on OAR 255-35-022(8), which provides, in part:

"When a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall be the time served prior to revocation:

"(a) If a single consecutive sentence is imposed, the prison term shall be established as for a single new sentence and the provisions of this rule shall not apply. The Board may consider it an aggravating factor if a new sentence is imposed consecutively to a parole violation commitment;

"(b) If more than one sentence is imposed consecutively, the provisions of this rule shall be followed as to all new sentences."

Petitioner received three consecutive sentences for his criminal conduct while on parole. The court ordered that the five-year term with a two-year minimum for the offense of ex-convict in possession of a firearm run consecutively to the 1983 burglary sentence, "the [sentence] already being served." OAR 255-35-022(8). That rule requires that the range for that sentence be converted to the "time served prior to revocation," which, as the state concedes, "wipes out the underlying sentence obligation when a person on parole is convicted of new criminal activity and the ensuing sentence is consecutive."

The state concedes that, if the court had ordered that all of the sentences imposed for petitioner's criminal conduct while on parole were to run consecutively, his adjusted commitment date would have been December 24, 1984, the date of the parole revocation. It argues, however, that OAR 255-35-022(8) is inapplicable, because the court imposed concurrent sentences for some of the crimes. There is nothing in the rules to support the state's position. The Board must set petitioner's adjusted commitment date at December 24, 1984.

Reversed and remanded for proceedings not inconsistent with this opinion.