Submitted on record and briefs October 28, 1987, reversed and remanded
January 27, 1988

MICHAEL R. WHITE,
*Petitioner,*

*v.*

OREGON STATE BOARD OF PAROLE,
*Respondent.*

(CA A42582)

748 P2d 1027

Michael Robert White, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Scott McAlister, Assistant Attorney General, and David L. Kramer, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

_____

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

Petitioner seeks review of an order of the Board of Parole setting his parole release date. We reverse and remand for further proceedings.

Petitioner was convicted on three counts of forgery in the first degree in 1981 and put on probation for five years.[1] In 1986, he was convicted on six counts of forgery in the first degree. His probation was revoked, and he was sentenced to concurrent terms of imprisonment of five years on each of the 1981 convictions. He was sentenced to consecutive 18-month terms of imprisonment, with nine-month minimums under ORS 144.110, on the 1986 convictions. Those sentences were to run concurrently with the five-year sentences imposed on the 1981 convictions.

■ Petitioner first contends, and the state concedes, that the Board erred in overriding two of the minimum sentences and sustaining the remaining four. We agree. OAR 255-35-022; *Roof v. Board of Parole,* 85 Or App 188, 191, 736 P2d 193 (1987). We therefore reverse the order and remand to the Board to reset petitioner's release date, applying the provisions of OAR 255-35-022(2). *Roof v. Board of Parole, supra.*

■ Petitioner next contends that the Board erred in summing the ranges of his consecutive sentences under OAR 255-35-022(4), (5)(B) and (8)(b). He asserts that the Board should have considered the six forgery convictions as one crime, because they were part of a single crime spree, and should therefore, have treated the consecutive sentences as concurrent sentences in setting his parole release date. OAR 255-35-022 provides, in pertinent part:

"(4) The Board may, by four (4) concurring votes, choose to unsum one (1) or all of the ranges. Once unsummed, the Board will treat one or more consecutive sentences as concurrent sentences.

"(5) The following factors may be considered by the Board in determining whether or not to sum the ranges:

"* * * * *

"(B) When the crimes are part of a crime spree that is uncharacteristic of the offender;

---

[1] Petitioner also had convictions for theft in the second degree before 1986.

"* * * * *

"(8)   When a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall be the time served prior to revocation:

"* * * * *

"(b)   If more than one sentence is imposed consecutively, the provisions of this rule shall be followed as to all new sentences * * *."

Because petitioner has prior multiple convictions for forgery and theft, there was a basis for the Board to find that his crime spree is not "uncharacteristic" of him, and it was within the Board's discretion not to apply the rule in his favor.[2]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[2] Petitioner's third assignment of error lacks merit and requires no discussion.