999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Paul SCHROEDER, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary
Defendant-Appellee.
 No. 92-35288.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided July 26, 1993.
 
 1
 Before PREGERSON and KLEINFELD, Circuit Judges, and LEGGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 John Paul Schroeder, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 4
 Petitioner contends that the district court erred by holding that the application by the Oregon State Board of Parole (the the minimum sentences, but retained the other four, and set Schroeder's minimum term between 196 and 264 months.
 
 
 5
 Petitioner contends that the Board should have applied the rules which were in effect when he committed his crimes. The old rules provided that any "minimum sentences imposed in conjunction with consecutive terms shall be considered a single unified minimum." Under those rules, the Board had either to overturn all of an offender's mandatory minimums or none of them. See, Roof v. Board of Parole, 736 P.2d 193, 194 (Or.1987). In contrast, the new rules allow the Board to override all, none, or some of the mandatory minimums. Petitioner argues that if the Board had reviewed his sentences under the old rules, it would have been forced to overturn not three but all of his minimum sentences.
 
 
 6
 However, there is no support for petitioner's argument that all of his minimum sentences would have been overturned under the old rules. Indeed, the Board previously considered Schroeder's sentence under the old rules, and exercised its discretion not to overturn any of them. For reasons irrelevant to this petition, the Board's decision was subsequently vacated. It was only when the Board then considered Schroeder's sentence under the new rules that his term was reduced. With the greater flexibility it had under the new rules, the Board overrode three of the sentences.
 
 
 7
 Assuming, without deciding, that the rules were substantive laws so that the ex post facto clause would apply, nevertheless the change in the rules was not more onerous, and so did not violate the ex post facto clause. The order of the district court is affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3