Jonathan **FULLER**, Petitioner–Appellant,

v.

Ernie **ROE**, Warden; State of California, Respondents–Appellees.

No. 97–16254.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1999.[1]

Filed July 9, 1999.

As Amended on Denial of Rehearing and Rehearing En Banc Sept. 22, 1999.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Robert J. Beles and Paul McCarthy, Oakland, California, for the petitioner-appellant.

Allan Yannow, Deputy Attorney General, San Francisco, California, for the respondents-appellees.

Before: LAY,[2] PREGERSON and HAWKINS, Circuit Judges.

PER CURIAM:

■ Jonathan Fuller, a California state prisoner, appeals the district court's[3] denial of his Petition for Writ of Habeas Corpus brought under 18 U.S.C. § 2254. The district court determined that there was no merit to the multitude of claims presented by Fuller. This court has jurisdiction pursuant to 28 U.S.C. § 2253 and reviews *de novo* a district court's denial of a writ of habeas corpus. *See Park v. California,* 164 F.3d 1226, 1229 (9th Cir.1999). On appeal, Fuller asserts various errors based on factual, procedural, and constitutional grounds. We affirm.

I.

On December 17, 1992, Fuller was convicted in California State Court of first degree murder and of being a felon in possession of a firearm in violation of California Penal Code §§ 187 and 12021(a). The state trial court denied his motion for new trial on April 30, 1993, and sentenced him to thirty-one years to life imprisonment. On May 18, 1993, Fuller filed a notice of appeal and a companion habeas corpus petition. On November 30, 1994, the California Court of Appeals affirmed the appeal and denied the habeas petition. The California Supreme Court denied further review on December 28, 1994. Fuller then filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California. On April 21, 1997, the district court denied the petition. Fuller filed a Notice of Appeal on May 27, 1997, and moved for a certificate of probable cause ("CPC") on June 6, 1997. On June 23, 1997, the district court issued an Order of Probable Cause limited to one issue.

---

**2.** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**3.** The Honorable Vaughn R. Walker, United States District Judge for the Northern District of California.

## II.

*AEDPA*

█ The government raises a preliminary issue regarding the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (codified as amended in 28 U.S.C. §§ 2244, 2253, 2254 and 2255), in requiring a certificate of appealability ("COA") and the limitation of this court's review to only those issues designated by the district court in the COA. The issue presents itself because Fuller filed his habeas petition on March 29, 1995, prior to the effective date of AEDPA,[4] but did not file his notice of appeal until May 27, 1997, after the effective date of the AEDPA. As a result, Fuller contends that he is not required to obtain a COA and that his claims are not limited to only those presented in the COA.

"Before the passage of the AEDPA, 28 U.S.C. § 2253 required state prisoners seeking to appeal denials of habeas relief to get a 'certificate of probable cause [CPC],' which could be issued if the prisoner made 'a substantial showing of the denial of a *federal* right.'" *Crowell v. Walsh,* 151 F.3d 1050, 1051 (D.C.Cir.1998) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (emphasis added). "Under the AEDPA prisoners must get a 'certificate of appealability [COA],' which requires them to make 'a substantial showing of the denial of a *constitutional* right.'" *Id.* (emphasis added); *see* 28 U.S.C. § 2253(c)(2).

The government argues that petitioner is limited to the single issue certified by reason of the passage of the AEDPA, even though the Petition for a Writ of Habeas Corpus was filed prior to the effective date. The Eighth Circuit has held that under such circumstances the date of the filing of the notice of appeal should be the appropriate date for the determination of the applicability of AEDPA limitations.

See *Tiedeman v. Benson,* 122 F.3d 518, 520–21 (8th Cir.1997) (holding that the notice of appeal was subject to certificate of appealability requirements of AEDPA). *Tiedeman* recognized that in *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the United States Supreme Court held that the amendments made by the AEDPA are, "generally speaking," only prospective. *Tiedeman,* 122 F.3d at 521. The *Tiedeman* court explained that it could not think of a reason why "a new provision exclusively directed towards appeal procedures would depend for its effective date on the filing of a case in a trial court, instead of on the filing of a notice of appeal or similar document." *Id.*

The *Tiedeman* case is contrary to the majority of the circuits which have interpreted *Lindh* to hold that regardless of when a notice of appeal is filed, if a habeas petition is filed in the district court prior to the AEDPA's effective date, there is no requirement for a certificate of appealability. *See United States v. Kunzman,* 125 F.3d 1363, 1364 n. 2 (10th Cir.1997) (joining the majority of the circuits in holding "that §§ 2254 and 2255 petitioners who filed their petitions in district court prior to AEDPA's effective date, regardless of whether they filed their notice of appeal before or after AEDPA [effective date], do not need a certificate of appealability to proceed with their appeal"); *see also Crowell v. Walsh,* 151 F.3d 1050 (D.C.Cir. 1998); *Berrios v. United States,* 126 F.3d 430 (2nd Cir.1997); *United States v. Skandier,* 125 F.3d 178 (3rd Cir.1997).

We determine that the holdings of the majority of the circuits are better reasoned. As a result, we conclude that the date of Fuller's Petition for a Writ of Habeas Corpus is the determinative date from which to judge the applicability of the AEDPA. Because his petition was filed prior to the effective date of the AEDPA, he need only seek a certificate of probable

---

4. The effective date of the AEDPA is April 24, 1996.

cause and our review is not limited to solely those issues certified by the district court. *See Van Pilon v. Reed,* 799 F.2d 1332, 1335 (9th Cir.1986) (agreeing that the scope of review cannot be limited by a CPC); *see also Houston v. Mintzes,* 722 F.2d 290 (6th Cir.1983); *United States ex rel. Hickey v. Jeffes,* 571 F.2d 762 (3rd Cir.1978).

### III.

Fuller makes a multitude of assorted claims in an effort to raise legitimate and cognizable issues for habeas review.

*Severance*

■ Petitioner argues that the state trial court violated his due process rights by not severing the murder charge from the felon in possession charge. We agree with the district court that there was no prejudice resulting from the failure to sever because (1) such evidence was clearly limited by the trial court in its instructions, and (2) the evidence of his guilt was overwhelming to such a degree that no prejudice could result from a failure to sever. *See United States v. VonWillie,* 59 F.3d 922, 930 (9th Cir.1995); *see also United States v. Ragghianti,* 527 F.2d 586, 587 (9th Cir.1975) (holding that the trial judge has great discretion in ruling on severance motions, and review on appeal is limited to whether "the joint trial (was) so prejudicial . . . as to require the exercise of that discretion in only one way, by ordering a separate trial") (citations omitted).

*Due Process Violations*

■ Fuller next argues that the district court erred in ruling that the admission of certain evidence and jury instructions did not constitute due process violations. The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result denies a fundamentally fair trial guaranteed by due process. *See Colley v. Sumner,* 784 F.2d 984, 990 (9th Cir.1986). A state prisoner can obtain federal habeas corpus relief only if he is held in violation of the Constitution or laws and treaties of the United States. *See Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Failure to comply with state evidence rules is neither a necessary nor a sufficient basis for the grant of federal habeas relief on due process grounds. *See Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991). Further, federal habeas relief is not available for attacks on violations of state law or procedure and is unavailable for alleged error in the interpretation or application of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Peltier v. Wright,* 15 F.3d 860, 861–62 (9th Cir.1994). We agree with the district court that Fuller's claims do not raise an intelligible habeas issue for this court to decide, nor do we find any prejudicial error.

*Ineffective Assistance of Counsel*

Fuller next contends that the district court erred in determining that his claim of ineffective assistance of counsel was not prejudicial. We disagree. The district court did not err in determining that Fuller did not establish a sufficient claim of ineffective assistance of counsel.

■ A claim for ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The benchmark for judging a claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *See id.* First, the defendant must show that counsel's performance was deficient to the point where the errors made were so serious that counsel was not functioning as the counsel guaranteed under the Sixth Amendment. *See id.* at 687, 104

S.Ct. 2052. Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.*; *Sanders v. Ratelle,* 21 F.3d 1446, 1456 (9th Cir.1994). Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

 However, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *See id.* at 697, 104 S.Ct. 2052; *Williams v. Calderon,* 52 F.3d 1465, 1470 n. 3 (9th Cir.1995) (declining to consider whether the defendant had established cause, because no prejudice was established). Because of Fuller's failure to establish prejudice, this court declines to take part in further analysis of his prior counsel's performance.

*Consideration of New Evidence*

 Fuller argues that the district court erred in determining that the admittance of new evidence would not have resulted in probable acquittal. We agree with the district court that Fuller did not raise a legitimate cognizable claim for habeas review and that the overwhelming evidence in the case would not have been impacted by the admission of the evidence. *See Jeffries v. Blodgett,* 5 F.3d 1180 (9th Cir.1993) (announcing that the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not grounds for relief on federal habeas corpus); *see also Swan v. Peterson,* 6 F.3d 1373, 1384 (9th Cir.1993) (holding that newly discovered evidence is grounds for habeas corpus relief only when it both bears on the constitutionality of an applicant's conviction and would probably produce an acquittal).

*Evidentiary Hearings*

 Fuller next argues that the district court erred by determining that he did not establish a right to an evidentiary hearing or a need for one. We agree with the district court in finding Fuller's requests for evidentiary hearings are meritless because he did not establish a right or need to a hearing. A federal evidentiary hearing is mandatory if (1) a petitioner's allegations, if proven, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *See Williams v. Calderon,* 52 F.3d at 1484. If a petitioner fails to make out a colorable claim of ineffective assistance of counsel, no hearing is required. *See id.* A petitioner must show cause for his failure to develop the facts in state court proceedings and actual prejudice resulting from that failure, or, alternately, that a fundamental miscarriage of justice would result from the failure to hold an evidentiary hearing. *See Keeney v. Tamayo–Reyes,* 504 U.S. 1, 11–12, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). We find no prejudicial error or miscarriage of justice resulting from the district court's decision not to hold evidentiary hearings.

*Cumulative Error*

 Fuller argues that the district court erred in determining that there was no cumulative error. The district court determined that there was no evidence of error in this case and we agree. It is true the cumulative effect of several errors may prejudice a defendant to the extent that his conviction must be overturned. *See United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996). However, where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation. We find no prejudicial error in the district court's determination.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.