Submitted on record and briefs October 1, 1999, affirmed May 17, petition for review denied August 15, 2000 (330 Or 553)

STATE ex rel Gary Douglas CAUGHEY,
*Appellant,*

*v.*

Dianne L. MIDDLE,
Acting Chairman,
Board of Parole and Post-Prison Supervision,
*Respondent.*

(97C-14670; CA A102269)

1 P3d 495

Gary D. Caughey filed the briefs *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christine A. Chute, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Appellant, an inmate of the Oregon State Penitentiary, seeks review of the trial court's dismissal of his petition for a writ of mandamus seeking to order defendant, the chairperson of the Board of Parole and Post-Prison Supervision, to rescind a July 24, 1996, order imposing a sanction for a 1986 parole violation and establishing a parole consideration date of March 2, 2008. Appellant makes numerous arguments *pro se* about why he believes the Board could not impose the parole violation sanction that it did. We write to address appellant's argument that the Board erroneously failed to follow the rule of law announced in *Roof v. Board of Parole*, 85 Or App 188, 736 P2d 193 (1987). For the following reasons, we affirm the trial court's dismissal of appellant's petition for a writ of mandamus.

The facts are not in dispute. Appellant was convicted in 1973 of second-degree kidnapping and first-degree rape. He was sentenced as a sexually dangerous offender and received a 10-year sentence for the kidnapping and a consecutive 20-year sentence for the rape. He was paroled in July 1986. The day he was paroled, he abducted a girl and was arrested for first-degree kidnapping. In August 1986, his parole was revoked on the basis of his new criminal activity. In February 1987, he pled guilty to the July 1986 kidnapping in exchange for the dismissal of charges of attempted first-degree rape and menacing. On the new kidnapping conviction, appellant received a 30-year dangerous offender sentence with a 15-year minimum, "consecutive to any sentence received for [the] parole violation." In 1987, the Board upheld the judicially imposed minimum sentence of 15 years on the new kidnapping and established a July 2001 parole consideration date for that crime.

In 1996, the Board reviewed appellant's file and discovered that it had never established the sanction for the August 1986 parole violation. It therefore conducted an administrative review and held a hearing to establish the sanction and to determine the date on which appellant began serving his sentence on the 1986 kidnapping. At the hearing, appellant agreed that he had elected in 1985 to have his 1973

sentences addressed under the matrix system and, thus, that the matrix system rules in effect in 1985 governed the Board's determination of sanctions for his violation of parole for his 1973 offenses. The Board determined that several aggravating factors existed, noting in particular that appellant's new criminal activity was of the same type as the 1973 criminal activity and that appellant had been on parole only a short time when he committed the new criminal activity for which his parole was revoked. The Board determined that the appropriate sanction for the parole violation was 80 months, which gave appellant a March 1993 release date for the 1973 offenses. The Board then determined that, in light of its previous decision to uphold the judicial minimum sentence for the 1986 offense, appellant's parole consideration date would be March 2008.

Appellant initiated this action, arguing that the Board's July 1996 order is inconsistent with OAR 225-35-022(7) (1982).[1] That rule, a part of the matrix system, was entitled "Consecutive Sentences: Effect of Consecutive Sentences on Establishing a Prison Term," and provided, in pertinent part:

"When a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall be the time served prior to revocation.

"(a) If a single consecutive sentence is imposed, the prison term shall be established as for a single new sentence and the provisions of this rule shall not apply. The Board may consider it an aggravating factor if a new sentence is imposed consecutively to a parole violation commitment.

"(b) If more than one sentence is imposed consecutively, the provisions of this rule shall be followed as to all new sentences."

Appellant argues that, based on our interpretation of this rule in *Roof*, the Board lacked authority to penalize him for the parole violation on the 1973 convictions and that all of the time that he served after the revocation of his parole in 1986

---

[1] Appellant raised numerous other issues, which he pursues on appeal as well. We affirm as to those issues without discussion.

counts toward his later kidnapping conviction. He argues, in effect, that committing a new crime, for which a consecutive sentence was imposed, effectively terminated the remainder of his sentences for the 1973 crimes, and he could be required to serve a sentence only for the new crime. He argues that this result is dictated by our opinion in *Roof*.

Defendant responds that *Roof* is not on point because it interpreted a different part of OAR 255-35-022 (1982) from the one at issue here. Specifically, defendant notes that appellant's position stems from one of the statements made by this court in *Roof*, in which the court accepted a concession by the state that the language "[w]hen a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall be the time served prior to revocation" essentially "wipes out the underlying sentence obligation when a person on parole is convicted of new criminal activity and the ensuing sentence is consecutive." 85 Or App at 192. Defendant urges us not to read the state's concession in *Roof* broadly to extend to consecutive sentencing situations unlike the one at issue in that case.

We agree with defendant that *Roof* is not dispositive here and that defendant is not bound by the state's legal concession that we accepted in that case. The portion of OAR 255-35-022 (1982) at issue in *Roof* was section (2), which provided that "[a]ny minimum sentences imposed in conjunction with consecutive terms shall be considered a single unified minimum." *Id.* at 191. The issue was how to sum the ranges of both the original crime and the new crimes where more than one new consecutive sentence with a judicial minimum had been imposed. The specific question in that case was whether the Board could override one minimum sentence but leave other minimum sentences intact. Reading OAR 255-35-022(2) (1982) in conjunction with OAR 255-35-022(7)(b) (1982),[2] which provides that "[i]f more than one sentence is imposed consecutively, the provisions of this rule shall be followed as to all new sentences," we determined that the Board was required to follow the "single unified minimum" requirement. *Id.* at 191-92.

___

[2] *Formerly* OAR 255-35-022(8)(b).

The issue presented in this case is different. OAR 255-35-022(7)(b) (1982) is not at issue here because there was not more than one sentence imposed consecutively. No question is presented concerning unification of minimum sentences. In this case, subsection (a) of the rule is implicated because "a single consecutive sentence is imposed." If a case is the type described in subsection (a), the remainder of OAR 255-35-022 (1982) does *not* apply, and the "Board may consider it an aggravating factor if a new sentence is imposed consecutively to a parole violation commitment[.]" That language from subsection (a) demonstrates that the state's concession in *Roof* should not be read broadly to imply that *any* imposition of a consecutive sentence always "wipes out" an underlying sentence obligation and that no parole violation sanctions can ever be imposed when a parolee receives a consecutive sentence for a new crime.[3] Although "the *range* for the first sentence shall be the time served prior to revocation," OAR 255-35-022(7) (1982), that does not mean that the Board may not go outside the range when revoking parole on the first sentence if it finds aggravating factors. *See* OAR 255-35-035 (1982) (Board may depart from range upon making specific findings of aggravation or mitigation); OAR 255-75-090(1)(b) (1985) (where violation involves new criminal activity, Board may vary from range in imposing sanction with findings of aggravation or mitigation). In short, the *range* established under the matrix system was not the same as the sentence itself. Under OAR 255-75-096(1) (1985), after a parole violation, the Board could "deny re-parole consideration and *require the parole violator to serve to the statutory good time date*." (Emphasis added.) Similarly, under ORS 144.390 (1983), a "prisoner recommitted for violation of parole * * * shall serve out his sentence[.]" Neither ORS 144.390 (1983) nor OAR 255-75-096(1) (1985) can be reconciled with appellant's suggested expansion of the rule of law announced in *Roof*.

---

[3] Were that the case, then those who received *concurrent* sentences for new crimes often would serve longer sentences than those who received *consecutive* sentences. Likewise, a parole violator whose violation did *not* involve new criminal activity could be required to serve out his or her sentence, while one who committed a new crime for which he or she received a consecutive sentence could not. Under appellant's rationale, more egregious parole violations would essentially be rewarded and lesser parole violations punished more severely.

As noted above, the court that sentenced appellant on his 1986 crimes specifically required that the dangerous offender sentence be "consecutive to any sentence received for parole violation." The Board followed that directive. It found several aggravating factors that supported its decision to go outside of the range for the parole violation sanction. Appellant makes no challenge to those findings. The Board's actions were in accordance with ORS 144.390 (1983) and with the matrix rules cited above under which appellant specifically elected to proceed. We conclude that the trial court properly dismissed appellant's petition for a writ of mandamus.

Affirmed.