**Gary Douglas CAUGHEY, Petitioner— Appellant,**

v.

**Joan PALMATEER, Superintendent, Respondent—Appellee.**

No. 03–35638.

D.C. No. CV–00–01561–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided July 16, 2004.

Barbara L. Creel, Assistant Federal Public Defender, Steven T. Wax, FPD, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., Timothy A. Slywester, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before GOODWIN, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Gary Caughey appeals the denial of his petition for habeas corpus on the grounds that the Oregon State Board of Parole and Post–Prison Supervision (the "Board") violated his constitutional rights as provided by the Ex Post Facto Clause by retroactively applying an administrative rule in postponing his parole reconsideration date. Caughey fails to demonstrate that his constitutional rights have been violated, and we affirm the district court.

Caughey was convicted in 1973 of first degree rape and second degree kidnapping. He received a ten-year sentence for the kidnapping conviction and a twenty-year consecutive sentence for the rape. On March 4, 1985, Caughey elected to proceed under Oregon's sentencing matrix. Caughey was released on conditional parole on April 30, 1986, and was paroled on July 18, 1986. On July 19, Caughey was arrested for new criminal conduct, causing the Board to revoke his parole. Subsequently, Caughey pled guilty to one count of kidnapping for his 1986 crimes and received a thirty-year sentence with a fifteen-year minimum to be served "consecutive to any sentence received on the parole violation." The Board upheld the fifteen-year minimum sentence and set a parole reconsideration date for July 2001.

In 1996, the Board reviewed Caughey's file and found that it had not applied a sanction for Caughey's 1986 parole violation. In a July 1996 hearing, the Board imposed an eighty-month sanction and set a March 1993 release date for the 1973 sentences, relying upon Oregon Administrative Rules ("Rules" or "OAR") 225–75–079 and 225–75–096. The Board also reaffirmed the fifteen-year minimum sentence for his 1986 kidnapping conviction. His parole consideration date was reset for March 2008. It is this postponement of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

his parole consideration date that forms the gravamen Caughey's appeal.

A district court's denial of a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Beardslee v. Woodford,* 327 F.3d 799, 806 (9th Cir.2003). Because Caughey filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), its provisions apply to his petition. *Fuller v. Roe,* 182 F.3d 699, 702 (9th Cir.1999) (per curiam). An independent review of the administrative rules governing Oregon's parole system shows that the Oregon courts did not unreasonably apply clearly established federal law. *Davis v. Woodford,* 333 F.3d 982, 990 (9th Cir.2003) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).

A law violates the Ex Post Facto Clause if it is 1) retroactive-it "appl[ies] to events occurring before its enactment [,] ..." *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); and 2) detrimental-it "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Calif. Dep't of Corr. v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); *Himes v. Thompson,* 336 F.3d 848, 854 (9th Cir.2003).

■ The respondent concedes that OAR 255–75–079 was not effective in 1985, when Caughey elected to proceed under the matrix. However, this retroactive application was not detrimental to Caughey. The version of OAR 255–75–096 in effect in 1985 allowed the Board to require a parole violator "to serve to the statutory good time date," OAR 255–75–096 (1984), as did an Oregon statute. Or.Rev.Stat. § 144.390

(1983) ("A prisoner recommitted for violation of parole ... shall serve out the sentence....").  Caughey's sentence was no longer than it would have been under the Oregon laws and rules properly in effect.

■ Caughey's argument that OAR 225–35–022(7) voided the sentence for his 1973 crimes from his parole revocation date is not well taken. Unlike the petitioners in *Roof v. Board of Parole,* 85 Or.App. 188, 736 P.2d 193 (1987), and *Meyrovich v. Maass,* 762 F.Supp. 1417 (D.Or. 1991), Caughey received a single consecutive sentence for his new crimes. He was thus subject to OAR 255–35–022(7)(a) [1] and was exempt from the Rule's sentence-shortening provisions.

AFFIRMED.

---

1. We note that between 1985 and 1996, OAR 255–35–022(7) was renumbered to OAR 255–35–022(8), with no substantive change in the text. For the sake of consistency, we use the numbering in the version in effect in 1985, OAR 255–35–022(7) (1982).