**Rodney Carl ROACH, Petitioner— Appellant,**

**v.**

**Silvia GARCIA, Warden, Respondent— Appellee.**

No. 03–16813.

D.C. No. CV–02–00177–LKK/GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Oct. 22, 2004.

Quin Denvir, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

J. Robert Jibson, Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before W. FLETCHER, FISHER,

Circuit Judges, and WINMILL,* District Judge.

MEMORANDUM **

Rodney Carl Roach appeals from the district court's denial of his application for a writ of habeas corpus. In 1999, a jury convicted Roach of six counts of bank robbery under California law. Sentenced under California's Three Strikes Law, he is currently serving a sentence of 150 years to life.

On the morning of his arrest, Roach had injected ¼ gram of heroin. He was arrested around noon that day and taken to the sheriff's department for questioning, which commenced after 3:00 p.m. He confessed to six bank robberies and identified himself in several bank surveillance photographs. At several points during the interrogation, Roach manifested discomfort due to withdrawal symptoms.

Roach moved to exclude his confession on the grounds that it was involuntary due to heroin withdrawal. An addiction expert testified at the hearing on the motion to exclude that, while Roach exhibited several signs of heroin withdrawal, he did not see any evidence that it was severe. The confession was admitted over Roach's objection and he was subsequently convicted. He exhausted his state appeals and filed this habeas petition.

The district court's decision to deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). Findings of fact made by the district court are reviewed for clear error. *McClure v. Thompson*, 323 F.3d 1233, 1240 (9th Cir.2003). Because Roach filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), its provisions apply. *Fuller v. Roe*, 182 F.3d 699, 702 (9th Cir.1999) (per curiam).

Under the AEDPA, a habeas petitioner may be granted relief if the state court's adjudication on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts" Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves "facts that are materially indistinguishable." *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir.2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). To show that the state court unreasonably applied federal law, a petitioner must show "that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but 'objectively unreasonable.'" *Davis v. Woodford*, 333 F.3d 982, 990 (9th Cir.2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)). State court findings of underlying facts are to be presumed correct. A habeas petitioner bears the burden of rebutting the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis*, 333 F.3d at 991; *Collazo v. Estelle*, 940 F.2d 411, 415 (9th Cir.1991).

Our case law supports the finding that individuals going through heroin with-

* The Honorable B. Lynn Winmill, Chief United States District Judge, District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

drawal can voluntarily confess. *See United States v. Rodriguez–Rodriguez*, 364 F.3d 1142, 1146 (9th Cir.2004) (finding waiver of *Miranda* rights voluntary despite heroin withdrawal because suspect was alert and oriented); *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir.1992) (finding confession voluntary despite heroin withdrawal because suspect was coherent and responsive). Like the defendants in *Rodriguez–Rodriguez* and *Kelley*, Roach remained coherent and responsive throughout the interview. He was able to distinguish the various bank robberies about which he was being questioned, and he was able to explain his motivation.

Further, there is no indication here of police overreaching, a necessary ingredient for holding a confession involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *United States v. Chischilly*, 30 F.3d 1144, 1151 (9th Cir.1994). Roach alleges that the police coerced him by refusing to provide a cigarette or medical aid until the interrogation was completed. The record does not suggest that police prohibited Roach from smoking as a strategy to coerce a confession. An examination of the record also shows that by the time Roach first requested to see a nurse, he had already confessed to the robberies and identified himself in bank surveillance photographs. This fact supports the state court's conclusion that Roach did not confess due to discomfort or because medical aid was withheld. Roach has not presented clear and convincing evidence that this finding is erroneous.

AFFIRMED.