**Isidro Huerta SIGALA, Petitioner—Appellant,**

**v.**

**R. CAMPBELL, Warden, Respondent—Appellee.**

No. 04–55139.

D.C. No. CV–01–05023–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided April 27, 2005.

Isidro Huerta Sigala, FSP—Folsom State Prison, Represa, CA, pro se.

Peter R. Afrasiabi, Elizabeth Kimberly Penfil, Turner Green Afrasiabi & Arledge LLP, Costa Mesa, CA, David Christopher Cook, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

In 1995, Isidro Huerta Sigala pleaded nolo contendere to a count of felony driving under the influence ("DUI") in California state court. He was sentenced to twenty-five years to life under California's Three Strikes law. Sigala seeks a writ of habeas corpus on the ground that his sentence is cruel and unusual in violation of the Eighth Amendment. The district court denied the petition.

The district court's decision to deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). Because Sigala filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), its provisions apply. *Fuller v. Roe*, 182 F.3d 699, 702 (9th Cir.1999) (per curiam). Under AEDPA, a habeas petitioner may be granted relief if the state court's adjudication on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts" Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves "facts that are materially indistinguishable." *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir.2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). To show that the state court unreasonably applied federal law, a petitioner must show "that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but 'objectively unreasonable.'" *Davis v. Woodford*, 333 F.3d 982, 990 (9th Cir.2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*California,* 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (internal quotation marks and citation omitted). The principle is only applicable in the "exceedingly rare" and "extreme" case. *Andrade,* 538 U.S. at 73. We do not believe that this case presents one of the "exceedingly rare" circumstances in which a sentence is unconstitutional because it is grossly disproportional to the petitioner's most recent offense and criminal history. *See Ewing,* 538 U.S. at 29 (holding that criminal history is relevant to determining whether a sentence is grossly disproportional). Sigala's prior strikes were for rape and burglary, both serious offenses. His most recent offense, felony DUI, carried substantial risk of injury.

Sigala's sentence is undeniably harsh. However, given Sigala's criminal history, the California Court of Appeal decision upholding his sentence was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

**AFFIRMED.**