Franklin David ROOF, Petitioner—
Appellant,

v.

OREGON STATE BOARD OF PA-
ROLE & POST–PRISON SUPER-
VISION, Respondent—Appellee.

No. 03–35399.

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Decided Sept. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Franklin David Roof, Pendleton, OR, for Petitioner–Appellant.

Kathleen Cegla, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Franklin David Roof, an Oregon state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253. We review the dismissal of Roof's petition de novo, *see Hubbart v. Knapp,* 379 F.3d 773, 778 (9th Cir.2004), and we affirm.

We reject Roof's argument that the Board of Parole and Post–Prison Supervision ("Board") violated state rules by failing to "wipe out" his entire 20–year sentence for his 1983 burglaries when he received consecutive sentences for later offenses while on parole. Oregon Administrative Rule 225–35–022(8) provided that when a sentence is imposed consec-

** This disposition is not appropriate for publication and may not be cited to or by the

utive to the sentence already being served by a parolee, the *range* will be the time served prior to revocation. The state concluded that while the range must be converted to time served prior to revocation, the overall sentence remains in effect. This was not arbitrary or capricious. *See id.* at 779 (federal habeas relief for state court error in the application of state law is available only if the state court's misapplication of the law was arbitrary and capricious, and thus violated federal due process). *Roof v. Board of Parole,* 85 Or.App. 188, 736 P.2d 193 (1987) does not hold to the contrary. *See Caughey v. Middle,* 167 Or. App. 261, 1 P.3d 495, 498 (2000).

Because he did not raise it in the district court, we do not address Roof's argument that the Board violated the Ex Post Facto Clause when it denied him reparole with only three affirmative votes. *See Belgarde v. Montana,* 123 F.3d 1210, 1216 (9th Cir. 1997).

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.