Submitted May 19, affirmed July 23, 2008

ROGER WALTERS,
*Plaintiff-Appellant,*

*v.*

Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
06095374H; A134547

189 P3d 1273

David E. Groom filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Attorney-in-Charge, Collateral Remedies, filed the brief for respondent.

Before Brewer, Presiding Judge, and Schuman, Judge, and Riggs, Senior Judge.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff appeals the trial court's dismissal of a writ of habeas corpus, arguing that the court erred in concluding that he was not entitled to immediate release from prison. As explained below, we conclude that the trial court correctly dismissed the writ. Accordingly, we affirm.

Plaintiff was convicted in 1981 of first-degree rape, for which he received a 15-year sentence. He was released on temporary leave in March 1987. In August 1987, while on leave, plaintiff was arrested for attempted first-degree kidnapping, attempted first-degree rape, and attempted first-degree sodomy. He was convicted, and at sentencing in December 1987, the court ordered that the new sentences were to run consecutively to plaintiff's sentence for his 1981 conviction. In January 1988, the Board of Parole and Post-Prison Supervision formally revoked plaintiff's parole based on his new crimes. Plaintiff ultimately prevailed on a federal habeas corpus claim that resulted in his 1987 convictions for attempted rape and attempted sodomy being set aside. *Walters v. Maass*, 45 F3d 1355 (9th Cir 1995). Thereafter, he was resentenced on his remaining 1987 conviction for attempted first-degree kidnapping. He received a 30-year indeterminate dangerous offender sentence with a 15-year minimum, to be served consecutively to his 1981 conviction. The issue presented in this case is when plaintiff began serving the sentence for attempted first-degree kidnapping.

In his replication, plaintiff alleged the facts recited above and contended that he is currently unlawfully imprisoned. The gravamen of his complaint is that his reincarceration in 1987 on the new conviction for attempted first-degree kidnapping effectively terminated his prior sentence for the 1981 rape, and thus all of the time during which he was incarcerated following the 1987 crime must be counted toward the later sentence. In support of his argument, plaintiff relies on our decision in *Roof v. Board of Parole*, 85 Or App 188, 736 P2d 193 (1987). *Roof* concerned an inmate who, while on parole for a crime committed earlier, was convicted of several new crimes in 1986. One of the issues in *Roof* concerned when the petitioner began serving the sentences for

the 1986 crimes. We agreed with the petitioner (and accepted the state's concession) about when the new sentences should run. *Id.* at 192. We quoted the version of OAR 255-35-022(8) in effect at the time of the petitioner's offenses:

> "When a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall be the time served prior to revocation:
>
> "(a)  If a single consecutive sentence is imposed, the prison term shall be established as for a single new sentence and the provisions of this rule shall not apply. The Board may consider it an aggravating factor if a new sentence is imposed consecutively to a parole violation commitment;
>
> "(b)  If more than one sentence is imposed consecutively, the provisions of this rule shall be followed as to all new sentences."

We then noted that the petitioner in that case had received consecutive sentences for his criminal conduct while on parole, and we held that the "rule requires that the range for that sentence be converted to the 'time served prior to revocation,' which, as the state concedes, 'wipes out the underlying sentence obligation when a person on parole is convicted of new criminal activity and the ensuing sentence is consecutive.' " *Roof*, 85 Or App at 192.

Plaintiff argues that the same result should obtain here. For two reasons, we disagree. First, in *State ex rel Caughey v. Middle*, 167 Or App 261, 266, 1 P3d 495, *rev den*, 330 Or 553 (2000), we held that *Roof* concerned paragraph (b) of the above-quoted rule (then numbered OAR 255-35-022(7)) pertaining to multiple consecutive sentences, and not paragraph (a), which indicates that the rule does *not* apply when a single consecutive sentence is imposed. As in *Caughey*, plaintiff in this case received a single consecutive sentence. Thus, plaintiff's argument fails because the section of the rule that he relies on does not apply to his circumstance.

But there is a more fundamental flaw to plaintiff's argument. In June 1987—in fact, several months after the *Roof* decision—a new temporary rule was adopted, and eventually made permanent. *See generally Meyrovich v. Maass*, 762 F Supp 1417, 1418 (D Or 1991) (discussing history of

rule). The new version of OAR 255-35-022 added a new provision that is pertinent here. The new provision, at the time of plaintiff's new crime in August 1987, provided:

> "(9)  When additional consecutive sentence(s) are imposed, the prison term shall be established as for a single new sentence.
>
> "(a)  When a sentence is imposed consecutively to a sentence on which parole has been granted, the matrix range shall be assigned as for a single new sentence.
>
> "(b)  Minimum sentences will be considered separately under the provisions of OAR 355-35-023 and 255-35-024."

That version of the rule, unlike its predecessor, does not include the language on which we relied in *Roof*: "When a sentence has been imposed consecutively to one already being served by a parolee, the range for the first sentence shall be the time served prior to the revocation." Thus, the applicable rule provides no basis for concluding that conviction for a new crime while on parole "wipes out the underlying sentence obligation when a person on parole is convicted of new criminal activity and the ensuing sentence is consecutive." *Roof*, 85 Or App at 192.

Plaintiff also contended at trial that defendant incorrectly calculated his "good time" credits. The trial court rejected that argument. On appeal, plaintiff briefly renews that contention, but he presents no argument in support of it, instead stating that his "argument is best summarized by trial counsel in the habeas hearing, which has been copied from the transcript * * * and attached to this brief at ER 10-11." Argument by incorporation is "a practice that we do not condone." *Edwards v. DHS*, 217 Or App 188, 194 n 5, 175 P3d 490 (2007). In any event, the incorporated material refers in general terms to an affidavit of a Department of Corrections official, cites no relevant rules or statutes, and presents no developed argument. We therefore reject plaintiff's cursory argument concerning "good time" credits without discussion.

The trial court correctly dismissed the writ of habeas corpus.

Affirmed.