**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARREL LORNE HARRIS,

Petitioner-Appellant,

v.

RON HAYNES, Superintendent, Stafford
Creek Corrections Center,

Respondent-Appellee.

No.    22-35049

D.C. No. 3:20-cv-06167-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 14, 2023
Seattle, Washington

Before:  McKEOWN and DESAI, Circuit Judges, and SILVER,[**] District Judge.

Darrell Harris was convicted of rape of a child in the first degree, child

molestation in the first degree, and indecent liberties in Washington state court for

assaulting his niece, KM, and her daughter, JJ. Mr. Harris filed a petition for writ of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

habeas corpus asserting claims of ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm the district court's denial of Mr. Harris's petition.

1. Mr. Harris's claim that his attorney was ineffective for failing to object to the prosecutor's closing argument and rebuttal was exhausted before the state courts and is therefore properly before us. The state court reasonably determined that Mr. Harris's trial counsel was competent despite counsel's failure to object to the prosecutor's closing argument or rebuttal. Mr. Harris cannot show that all fair-minded jurists would conclude that it was an unreasonable trial tactic to choose not to object to these arguments. *Demirdjian v. Gipson*, 832 F.3d 1060, 1072–73 (9th Cir. 2016); *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993).

2. The State did not argue that Mr. Harris procedurally defaulted his claim that trial counsel was ineffective for failing to present evidence of his good character for honesty and sexual morality. We therefore consider it on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1233, 1237 (9th Cir. 2002). The state court reasonably found that trial counsel could have decided not to introduce evidence of Mr. Harris's good character as a matter of trial strategy. *Brodit v. Cambra*, 350 F.3d 985, 992–94 (9th Cir. 2003).

Mr. Harris's argument that trial counsel was ineffective because counsel failed

to introduce evidence of Mr. Harris's work schedule was procedurally defaulted through a failure to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161–63 (1996). Because the State did not raise the affirmative defense of procedural default before this court, we reach the merits of the claim. *Franklin*, 290 F.3d at 1237. The state court determined that evidence of Mr. Harris's work schedule was unhelpful because it did not preclude Mr. Harris's ability to be home during the day, when JJ claimed several of the assaults occurred. It was therefore reasonable for the state court to conclude that the failure to introduce testimony regarding Mr. Harris's work schedule was not deficient performance. *See United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985).

Mr. Harris raises the claim of ineffectiveness for failure to investigate the character witnesses for the first time before this court. We therefore do not apply AEDPA deference to this claim, *see* 28 U.S.C. § 2254(d), but consider the claim on the merits because the State did not raise the defenses of procedural default or waiver. *See Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010); *Franklin*, 290 F.3d at 1237. Given what trial counsel knew about the substance of the witnesses' potential testimony, it was reasonable for counsel to choose not to investigate the witnesses further. *Strickland*, 466 U.S. at 690–91, 700.

3.    The Washington Supreme Court denied Mr. Harris's claim of ineffectiveness for failure to present evidence of KM's bad character and drug use

3

on procedural grounds, but also decided the merits of the claim. Because the State does not argue that Washington's relevant procedural rule constitutes an independent and adequate state law ground for the denial, we consider this claim on the merits. *Coleman v. Thompson*, 501 U.S. 722, 734–35 (1991); *see also Franklin*, 290 F.3d at 1237.

It was reasonable for the state court to determine that Mr. Harris's trial counsel was not ineffective for failing to object to the motion in limine excluding evidence of KM's bad character for dishonesty and drug use. The Washington courts found this evidence largely inadmissible under state law, a determination that is binding on this court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Counsel is not ineffective for failing to object to the exclusion of inadmissible evidence. To the extent trial counsel could have cross-examined KM regarding her prior bad acts, the state court reasonably concluded that counsel did not do so as a matter of trial strategy. Furthermore, the state court reasonably found that Mr. Harris did not establish prejudice because he did not show that seeking to introduce this evidence would have a reasonable likelihood of affecting the outcome of his trial.

4.      Mr. Harris's claim of cumulative error is procedurally defaulted because it is not the "substantial equivalent" of the claim he asserted on direct review. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Mr. Harris also did not raise cumulative error to the district court on federal habeas review. The State waived the

4

procedural default defense and the waiver defense because it failed to raise them. *See Norwood*, 591 F.3d at 1068; *Franklin*, 290 F.3d at 1237. We therefore consider this claim on the merits.

Because Mr. Harris cannot show that his attorney was deficient in any individual instance, he cannot establish cumulative error. *Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir. 1999) (per curiam), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000).

5.      The district court did not abuse its discretion when it chose not to hold an evidentiary hearing. Petitioner has not shown that an evidentiary hearing would yield additional, material evidence that was not considered in the district court's reasoned opinion. In addition, federal courts are limited to the state court record when reviewing habeas claims adjudicated by the state courts on the merits unless the state courts' decisions were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2); *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014). Mr. Harris introduced evidence to support his ineffective assistance claims and the state court reasonably determined it could assess Mr. Harris's claims based on the facts in the record. *See Sully v. Ayers*, 725 F.3d 1057, 1075–76 (9th Cir. 2013); *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012). The state's fact-finding process was not unreasonable.

The district court's denial of Mr. Harris's petition for a writ of habeas corpus is **AFFIRMED.**